[Civil No. 2465.    Filed February 17, 1926.]

[243 Pac. 405.]

PACIFIC CONSTRUCTION COMPANY, a Corporation, Appellant, v. ELTA E. COCHRAN and Her Husband, F. W. COCHRAN, Appellees.

1. NEGLIGENCE—HUSBAND'S NEGLIGENCE IMPUTABLE TO INJURED WIFE, DAMAGES BEING COMMUNITY PROPERTY.—Cause of action of husband and wife, employees of defendant company, for injury to wife when she stepped into ditch, being community property, jury were properly instructed that plaintiffs could not recover if husband knew of existence of hole or ditch, and directed wife on errand without warning her of danger.

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE AND ASSUMPTION OF RISK QUESTIONS FOR JURY UNDER CONSTITUTION.—Under Constitution, article 18, section 5, defense of contributory negligence or assumption of risk is in all cases a question of fact to be left to jury.

3. DAMAGES—$3,500 VERDICT FOR FRACTURED FEMUR HELD NOT EXCESSIVE.—Taking into consideration present and future pain and suffering, a verdict of $3,500 for a fractured femur *held* not

1. Husband's negligence as bar to recovery for wife's personal injuries, see notes in 22 L. R. A. 460; 8 L. R. A. (N. S.) 656. See, also, 5 R. C. L. 843.

3. Excessiveness of verdicts in actions for personal injuries, see note in L. R. A. 1915F, 30.

excessive, in view of evidence that union of fracture was delayed on account of plaintiff's age; that plaintiff's disability would be one hundred per cent for a year or more, and fifty per cent permanently; that leg was shorter than other; and that plaintiff was receiving wages of $96 per month when injured.

4. APPEAL AND ERROR—INSTRUCTING JURY TO CONSIDER FUTURE EXPENSE FOR MEDICAL OR OTHER ATTENTION HELD NOT HARMFUL.— In action by husband and wife for personal injuries to wife, instruction that jury might consider future expense for medical- and other attention *held* not harmful, in view of evidence that at trial fracture was not completely healed; that it would be a year or year and a half before plaintiff could walk; and it appeared plaintiff at time of trial was receiving attention from physician.

5. EVIDENCE—SUSTAINING OBJECTION TO QUESTION OF PLAINTIFF AS TO CONTENTS OF FORMER COMPLAINT IN SAME ACTION HELD PROPER.— In action for personal injuries, it was not error for court to sustain objection to questioning of plaintiff as to contents of former complaint in same action, for, though pleading itself might be admissible to show admissions, defendant could not get it before jury by orally questioning the witness.

See (1) 31 C. J., p. 25, n. 84; 29 Cyc., p. 543, n. 14. (2) 39 C. J., p. 1182, n. 78; p. 1199, n. 41; 29 Cyc., p. 640, n. 12 New, 13. (3) 17 C. J., p. 1107, n. 64. (4) 4 C. J., p. 1029, n. 30. (5) 22 C. J., p. 332, n. 11; p. 337, n. 59; p. 1009, n. 90.

APPEAL from a judgment of the Superior Court of the County of Maricopa. M. T. Phelps, Judge. Affirmed.

Mr. Richard E. Sloan, Mr. C. R. Holton and Mr. Greig Scott, for Appellant.

Mr. Jesse C. Wanslee, for Appellees.

ROSS, J.—This is an action by Elta E. Cochran and her husband F. W. Cochran against the appellant, Pacific Construction Company, for damages for personal injuries to the wife, Elta, occasioned, as it is alleged, by reason of a fall into an unprotected ditch.

The case was tried before a jury, and resulted in a verdict and judgment for plaintiffs in the sum of

$3,500. The defendant appeals from an order overruling its motion for a new trial, and from the judgment.

The cause of action alleged is that plaintiff, at the time of her injury, was employed as a cook's helper at defendant's road construction camp at the town of Buckeye; that defendant had theretofore constructed a sewer line from the camp kitchen across the grounds of the road camp and had so left the ditch that had been dug for the sewer-pipe that it was or became lower than the surrounding ground, and had failed to post thereat warning signs or to inspect it or keep it safe, and had permitted grass to grow up and extend over the ditch, hiding it from plaintiff; that the plaintiff, while in the performance of her duties, and while passing across the camp grounds for the purpose of getting some potatoes for cooking, and not knowing of the unsafe condition of said ditch, stepped into it and fell, breaking her left leg and hip.

The defendant's answer admits the employment, denies generally, and pleads contributory negligence.

The defendant's main contention for a reversal is based upon the fact that the ditch for sewer was dug while both the plaintiffs were working for it some thirty days prior to the accident; that the husband, F. W. Cochran, was the cook in charge, and the wife was his helper; that he knew of the condition of the ditch; that he sent his wife for potatoes and did not inform her of the ditch or of its condition. Under this state of the evidence, it is reasoned that, because any damages recovered is personal property belonging to the community, and subject to the control and disposition of the husband, his knowledge and negligence is imputable to the wife, and the situation is as though the wife knew of the ditch and its dangerous condition and took no precautions to avoid falling

into it.   The case was submitted to the jury upon that theory; the court instructing the jury—

"that (if) plaintiff F. W. Cochran knew at the time of the accident of the existence of the hole or ditch, . . . and . . . directed his wife . . . to go out to where the potatoes were kept, and failed to warn her of such ditch, and that . . . by reason of the failure of the plaintiff . . . F. W. Cochran to warn her of such ditch she fell and sustained the injuries complained of, then plaintiffs cannot recover, and your verdict must be for the defendant."

We think the court properly stated the law as it exists in this state and community property states generally.   The text in 5 R. C. L. 843, section 23, is as follows:

"As a general rule, causes of action for injury to the person of either spouse during marriage and the damages recovered therefor are community property, and where this rule prevails contributory negligence on the part of the husband will defeat an action to recover for an injury to the wife."

See, also, *McFadden* v. *Santa Ana etc. Co.,* 87 Cal. 464, 11 L. R. A. 252, 25 Pac. 681; *Hawkins* v. *Front Street Cable Ry. Co.,* 3 Wash. 592, 28 Pac. 1021; *Dunbar* v. *San Francisco-Oakland Terminal Rys.,* 54 Cal. App. 15, 201 Pac. 330; *Basler* v. *Sacramento Gas & Elec. Co.,* 158 Cal. 514, Ann. Cas. 1912A, 642, 111 Pac. 530.

Section 5, article 18, of the state Constitution provides that—

"The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury."

In *Inspiration Consolidated Copper Co.* v. *Conwell,* 21 Ariz. 480, 190 Pac. 88, we declared the law to be, since the adoption of that provision, as follows:

"We think that the evident purpose and intent of the provision is to make the jury the sole arbiter of the existence or nonexistence of contributory negligence or assumption of risk in all actions for personal injuries."

We followed in our decision the decision of the Oklahoma Supreme Court, upon a like provision in that state's Constitution, which was later affirmed by the Supreme Court of the United States. *Dickinson* v. *Cole*, 74 Okl. 79, 177 Pac. 570; *Chicago, R. I. & P. R. Co.* v. *Cole*, 251 U. S. 54, 64 L. Ed. 133, 40 Sup. Ct. Rep. 68. The Supreme Court of the United States in effect held that the provision conferred upon the trial jury the power and right to pass upon the facts, when the question of assumption of risk or contributory negligence was involved, free from control of the court, saying:

"In the present instance the plaintiff in error cannot complain that its chance to prevail upon a certain ground is diminished when the ground might have been altogether removed."

One of the grounds of defendant's motion for a new trial was that the verdict was excessive and given under the influence of passion and prejudice. The denial of this motion on this ground is assigned as error. The plaintiff was injured August 22, 1924, and at the time of the trial, May, 1925, her attending physician stated she had suffered a fractured femur; that it had been properly set; that the union was delayed on account of her age, she being 47 years old; that time, he thought, would give her a good union, and she would be able to walk without crutches; that it would be a good while, if ever, before she would be able to do manual or physical labor, such as a cook's helper; that her disability would be 100 per cent for a year or year and a half,

and 50 per cent permanently; and that the injured leg was shorter than the other one.

Plaintiff was receiving wages of $96 per month when injured. When the physical injury and loss, together with pain and suffering present and future are taken into consideration, we cannot say the verdict was excessive. In this connection it is urged that there was no evidence that plaintiff would be put to any "future expense for medical and other attention," although the court instructed the jury that it might consider such in making up the verdict. The evidence showed that the fracture at the time of trial was not completely healed; that it would be a year or a year and a half before plaintiff could walk. In view of these circumstances, and of the further fact that plaintiff was receiving the attention of her physician right up to the trial, we cannot say the element of future medical and other attention was so far amiss as to be harmful.

It is next claimed that error was committed by the court in sustaining an objection to a question by defendant propounded to plaintiff C. W. Cochran as to the contents of a former complaint in the same action, for the reason that defendant had a right to show former pleadings and any different statements of fact in said former pleadings. The general rule seems to be that the pleading itself would have been admissible, if offered, for the purpose of showing admissions. *City of Arkansas City* v. *Payne,* 80 Kan. 353, 18 Ann. Cas. 82, and note where cases are collated, 102 Pac. 781. For some reason the pleading was not offered; the defendant rather choosing to try to get it before the jury by orally questioning the witness. The court's ruling on this question was proper.

The judgment of the lower court is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.