294 P.2d 659

**Ralph E. TINKER, Appellant,**

v.

**Louise HOBBS, a single woman, Appellee.**

No. 6034.

Supreme Court of Arizona.

March 13, 1956.

Carl W. Divelbiss and W. J. Richmond, Phoenix, for appellant.

Shimmel, Hill & Cavanagh, Phoenix, for appellee.

LA PRADE, Chief Justice.

Plaintiff-appellant, Ralph Tinker, brought this action to recover for personal injuries sustained in an automobile accident. After a trial by jury resulting in a verdict for defendant, plaintiff moved for judgment notwithstanding the verdict and for a new trial, both of which were denied. This ap-

peal is from the adverse judgment and the orders denying said motions.

Appellant was injured in 1952 when the family car, being driven by his wife, Love Tinker, collided with defendant's automobile. In March, 1953 Ralph Tinker filed this action in his individual name. In June, 1953 Love Tinker instituted a divorce action against Ralph Tinker, which resulted in a decree of divorce on August 18 of that same year. The case at bar came to trial on July 6, 1954. Prior to the trial defendant moved to add Love Tinker as an additional party plaintiff on the grounds that she was Tinker's wife at the time of the accident; that by the decree of divorce she had been awarded a twenty-five per cent interest in the net recovery, if any; and therefore, she was an indispensable or necessary party to the action. This motion was granted by the trial court and Love Tinker became an involuntary party plaintiff. At the trial defendant presented evidence that Love Tinker had been guilty of contributory negligence. The trial court instructed the jury that if they should find as a fact that Love Tinker had been negligent, and that such negligence contributed to the accident, then such contributory negligence was imputable to the plaintiff Ralph Tinker and would preclude any recovery by him. Appellant contends that this instruction was erroneous. All of his assignments of error are directed at that conclusion.

As in most community property states, Arizona follows the rule that damages for personal injuries of either spouse are community property, Pacific Const. Co. v. Cochran, 1926, 29 Ariz. 554, 243 P. 405; City of Phoenix v. Dickson, 1932, 40 Ariz. 403, 12 P.2d 618; Fox Tucson Theatres Corporation v. Lindsay, 1936, 47 Ariz. 388, 56 P.2d 183, and as a corollary of this doctrine the contributory negligence of one spouse is imputable to the other and will bar any recovery for damages for personal injuries sustained by the other spouse. Pacific Construction Co. v. Cochran, supra. The rationale behind this doctrine is to prevent a guilty party from profiting from his own wrong.

Appellant does not question the above holdings. Rather does he base his attack on the ground that the contributory negligence of Love Tinker could not be imputed to him after the marital relationship had been dissolved. Appellant does not cite any cases directly in support of this proposition but relies upon the premise espoused in California and New Mexico that the contributory negligence of one spouse will not be imputed to the other, when the one guilty of such negligence dies as a result of the accident. Flores v. Brown, 1952, 39 Cal.2d 622, 248 P.2d 922; Trefzer v. Stiles, 1952, 56 N.M. 296, 243 P.2d 605. In spite of certain language in the Flores case referring to the time at which the cause of action accrues we do not believe either that case or the Trefzer case are in point since in both fact situations the causes of

action accrued after or simultaneous with the death of the party guilty of contributory negligence.

More analogous to the case at bar is the fact situation in Kesler v. Pabst, 1954, 43 Cal.2d 254, 273 P.2d 257. Here a man and his wife were injured in an automobile accident and both spouses sued. Defendant based his defense partly on the plaintiff-husband's contributory negligence. A jury found for defendant and plaintiff-wife moved for judgment notwithstanding the verdict. This motion was predicated on the idea that her husband's contributory negligence could not be imputed to her in view of a written instrument, executed after the accident, by which her husband relinquished to his wife his interest in her cause of action. As a result of this agreement, plaintiff-wife argued, her cause of action ceased to be community property and became her sole and separate property, thereby preventing her husband from becoming unjustly enriched, as he would have had the cause of action remained community property. In affirming the trial court's judgment and order denying plaintiff's motion for judgment notwithstanding the verdict, the Supreme Court of California remarked that if the guilty spouse "could avoid the effect of his contributory negligence and thus create an enforceable right in his donee that did not theretofore exist, he would in fact profit from his own wrong"

and held that a "voluntary relinquishment of the negligent husband's interest" to his wife would not result in the desired objective of preventing unjust enrichment.

Appellant herein states as a fact that in the divorce decree between him and his wife it was provided that Love Tinker was to receive one-fourth of the net proceeds recovered by Ralph Tinker in this action. Appellee contends that this provision of the decree was never offered as evidence in the trial court and therefore cannot be considered in this court. It is not necessary to decide this question, however, since whether the provision is considered it is clear that Love Tinker has some rights to any recovery Ralph Tinker might get. This is due to Section 27-805, A.C.A.1939, now Section 25-318, A.R.S. 1956, which provides that any community property for which no provision is made by the decree of divorce shall be held by the parties as tenants in common from the date of the decree. Consequently, if the divorce decree should be deemed admitted Love Tinker is entitled to one-fourth of any recovery Ralph Tinker might obtain from the defendant herein, while if the decree is not before this court, in the absence of any proof to the contrary, Love Tinker is entitled to one-half of any recovery. Thus it is clear that Love Tinker has a direct interest in any proceeds her ex-husband

might recover in this action. Since the law in Arizona concerning imputation of negligence is aimed at preventing a party from profiting from his own wrong, Pacific Const. Co. v. Cochran, supra, it follows in this case that Love Tinker would necessarily be unjustly enriched if her negligence were not imputed to her ex-husband. We find the reasoning in the Kesler case, supra, to be persuasive. Since in that case the guilty party could not have recovered any of the proceeds as a result of his voluntary assignment of his interest in his wife's cause of action, a fortiori, in the case at bar where the guilty party would recover part of the proceeds, she clearly would be profiting from her own contributory negligence and therefore her negligence must be imputed to her ex-husband.

Appellant argues that Love Tinker would not profit from any recovery in this case since any division thereof would merely be a matter between the two ex-spouses and would not concern the defendant herein. We cannot agree with this contention.

The judgment and orders are affirmed.

UDALL, WINDES, PHELPS and STRUCKMEYER, JJ., concur.