**Pansy Mae RAMSEY, Appellant,**

v.

**Frank RAMSEY, Appellee.**

**No. 4495.**

Court of Civil Appeals of Texas, Eastland.

Dec. 17, 1971.

Rehearing Denied Jan. 14, 1972.

Richard D. Coan, Stephenville, for appellant.

W. J. Oxford, Stephenville, Bill Hart, Eastland, for appellee.

COLLINGS, Justice.

This suit was brought by Frank Ramsey against Pansy Mae Ramsey for a divorce and the division of their property. The defendant filed an answer and cross action also seeking a divorce and division of property. Upon a trial before the court without a jury judgment was rendered granting a divorce to Pansy Mae Ramsey and dividing the properties of the parties. In doing so, the court found that Frank Ramsey receives a monthly check from the Veterans' Administration for a service-connected disability, that such payments after the divorce constitute separate property of Frank Ramsey and that Pansy Mae Ramsey is not entitled to participate in such payments. Pansy Mae Ramsey has appealed only from that portion of the judgment holding that such payments to Frank Ramsey are his separate property.

The record shows that Frank Ramsey served as a soldier in World War II as ordinary enlisted personnel. When the war ended he was discharged from the service. While in the service he incurred disabilities which were later established by the Veterans' Administration to be service-connected in nature, and on or about the year 1944 he was awarded a benefit by the Veterans' Administration of 30% service-connected disabilities which prevent him was legally married to appellant, Pansy Mae Ramsey. Thereafter on or about June 19, 1970 the Veterans' Administration increased the rate of the award to 100% service-connected disabilities amounting to $425 per month. The award states that these payments are being made to appellee, Frank Ramsey, because of the service-connected disabilities which prevent him from following substantially gainful employment. At the time of this increase in the rate of award appellee was still legally married to Pansy Mae Ramsey. On August 14, 1970 appellee brought this suit for divorce. Appellant thereafter filed her answer and cross action seeking an inventory and appraisement of community and separate property and seeking an equitable division of the community property. As heretofore noted the appeal of Pansy Mae Ramsey is limited to that portion of the judgment holding that the checks received from the Veterans' Administration are the separate property of appellant, Frank Ramsey.

In appellant's first point it is contended that the court erred in finding that the monthly checks received by Frank Ramsey from the Veterans' Administration for service-connected disabilities are his separate property because such payments constitute property acquired by Frank Ramsey and Pansy Mae Ramsey during their marriage and that such payments are not acquired by Frank Ramsey by gift, devise or descent. Contrary to appellant's contention we are of the opinion that the veterans' compensation payments to Frank Ramsey are separate property in nature and that the court correctly awarded such payments to Frank Ramsey.

Appellant particularly relies upon the case of Busby v. Busby, 457 S.W.2d 551 (Tex.Sup.Ct.1970) and several cases which precede the Busby case. It is our opinion that the Busby case and other cases relied upon by appellant are distinguishable on the facts from the instant case in that in such cases the court was called upon to decide whether military retirement benefits, admittedly accumulated during marriage and while the husband was serving as a career member of the armed forces were separate or community property. It was held in such cases that the wife had a property

right in such payments because the retirement benefits were accumulated as the result of joint efforts of the spouses. The Busby case among other things cited Kirkham v. Kirkham, 335 S.W.2d 393 (Tex.Civ. App.1960, no writ hist.) and approved the holding therein that:

" . . . the military retirement pay account was not a gift or gratuity but an earned property right which accrued to him by reason of his years of service in military service;"

In the instant case the payment to Ramsey was not an earned property right which accrued to him by reason of his years of service in military service, but was for personal injury or disease to him for service-connected disability. There was no obligation or promise by the Veterans' Administration to remunerate Ramsey for his service-connected disabilities. In determining the nature of such an award by the Veterans' Administration it is provided by Title 38 U.S.C. § 211(a) as follows:

"Except as provided * * * the decisions of the Administrator on any question of law or fact concerning a claim for benefits or payments under any law administered by the Veterans' Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision."

It is therefore apparent that the compensation to Frank Ramsey here involved is a payment personal to him from the government for service-connected injury or disease sustained in the military service and is not the result of an earned property right.

§ 5.01 of the Family Code-Title 1, V.T. C.A. provides the separate property of a spouse consists of:

(a)(3) "The recovery for personal injuries sustained by the spouse during marriage, except in a recovery for loss of earning capacity during marriage."

Since the payment to Frank Ramsey is for personal injury or disease sustained by him during marriage and is not covered by the exception it is under the above statute his separate property and the court did not err in so holding. Under (3) of the above statute it is specifically stated that the recovery for personal injuries sustained by a spouse during marriage is his separate property. The statute provides for an exception to such rule in case of a recovery for loss of earning capacity during marriage which is not involved in this case. The trial court found that the payments which were made during the marriage of the parties had either been consumed, or had found its way into the real and personal property accumulated by them. The payments here involved are payments from the Veterans' Administration to Frank Ramsey for service-connected disabilities paid to him after the granting of the divorce. The court correctly held that such payments are separate property of Frank Ramsey and that Pansy Mae Ramsey is not entitled to participate.

Appellant's points are overruled and the judgment is affirmed.