Joseph Barnett DOMINEY, Jr., Appellant,

v.

Louise Ellen DOMINEY, Appellee.

No. 6209.

Court of Civil Appeals of Texas, El Paso.

April 19, 1972.

Rehearing Denied June 14, 1972.

Kerr, Fitz-Gerald & Kerr, Midland, of counsel; William Monroe Kerr, Midland, for appellant.

Legg, Saxe & Baskin, Midland, of counsel; Pat M. Baskin, Midland, for appellee.

## OPINION

PRESLAR, Justice.

This was a suit for divorce brought by Plaintiff-Appellee, Louise Ellen Dominey, against Defendant-Appellant, Joseph Barnett Dominey, Jr. The jury found that Appellee had grounds for divorce, and both parties agreed to allow the trial Court to decide all issues pertaining to the character and division of property within the marital estate. Appellant has appealed only that part of the judgment giving Appellee one-half interest in all future retirement benefits accruing to Appellant by virtue of service in the U. S. Armed Forces.

The record reflects Appellant and Appellee were husband and wife during the entire period of Appellant's military service, and they were residents of Texas during such period of time; that Appellant entered the U. S. Navy in 1942; and that Appellant retired from the U. S. Navy in 1966. Thereafter, Appellee filed this suit for divorce.

■ Appellant contends that Texas law which would include entitlements to Navy Disability Retirement Pay and Navy Retirement Pay as marital property subject to division between spouses on death or divorce, and which would treat periodic payments thereof as outside the Texas ban on permanent alimony, conflicts with United States law, and must yield thereto under the Supremacy Clause of the Constitution of the United States, Article 6, Clause 2. As this issue has been previously disposed of by the Texas Supreme Court, we hold in accordance with the decision of Busby v. Busby, 457 S.W.2d 551 (Tex.1970). In that case the Supreme Court discussed and approved the cases of Kirkham v. Kirkham, 335 S.W.2d 393 (Tex.Civ.App.1960, n. w. h.); Webster v. Webster, 442 S.W.2d 786 (Tex.Civ.App.1969, n. w. h.); and Mora v. Mora, 429 S.W.2d 660 (Tex.Civ. App.1968, writ dism'd), holding that an interest in a military retirement plan was an earned property right which accrued by reason of the husband's military service, and that the portion earned during marriage constitutes community property under Article 4619, Vernon's Ann.Tex.Civ.St. Appellant urges that this ruling of the Supreme Court was made without consideration of its conflict with Federal law and thus is not controlling here. We do not agree with that contention, and accept the cited cases as controlling here. We are of the further opinion that there is not a clear-cut case of conflict in the record before us; that the nature of the retirements is not so spelled out as to dictate who is to receive them and to remove them from Court control. This case thus differs from Free v. Bland (1962), 369 U.S. 663, 82 S. Ct. 1089, 8 L.Ed.2d 180, and Wissner v. Wissner (1950), 338 U.S. 655, 70 S.Ct. 398, 94 L.Ed. 424, relied on by Appellant. Appellant also cites Ramsey v. Ramsey (Tex.

Civ.App.—Eastland, 474 S.W.2d 939, writ applied for Feb. 1972), holding that disability payments of the husband paid to him by the Veterans Administration after the divorce for service-connected disabilities were his separate property. The Court distinguished the case from Busby v. Busby, supra, saying:

"In the instant case the payment to Ramsey was not an earned property right which accrued to him by reason of his years of service in military service, but was for personal injury or disease to him for service-connected disability. There was no obligation or promise by the Veterans' Administration to remunerate Ramsey for his service-connected disabilities."

In the case before us, the husband and wife, contributed to his earning of the promised retirement throughout the years of his service as a career military man. The payment was earned by the husband's service and was not payment for a disabling personal injury. The judgment recites:

"It further appears, and the Court so finds, that, on account of the defendant's service in the United States Navy, all of which service occurred while the defendant was domiciled in Texas, the defendant is entitled to receive from the United States government U. S. Navy retired, and/or disability retired, pay benefits, (hereinafter called "Navy retired pay", whether referring to regular or non-disability, retired pay benefits or to disability retired pay benefits.)"

The judgment speaks of "disability," but there is no contention that the Appellant was disabled, and the evidence simply is that when he got out of the Navy he began receiving retirement pay.

All points of error have been considered, and all are overruled. The judgment of the trial Court is affirmed.

ON MOTION FOR REHEARING

■ With remarkable candor and commendable brevity, the parties submitted this case on an agreed statement of facts. In their zeal to present the controlling questions with only the pertinent facts, no information was supplied concerning the disability of the appellant. With leave of court, a further stipulation of facts has been filed for consideration with the appellant's motion for rehearing. We now have before us the following:

"On October 1, 1966, appellant, Joseph Barnett Dominey, Jr., was eligible to receive retirement pay for voluntary retirement based on longevity of 24 years. On that date he was involuntarily retired from the Navy with disability retirement on account of a heart condition and other health problems, none of which are ascribed to any accident or other specific event.

"Upon retirement, appellant was entitled, solely at his option, to elect either to receive ordinary retirement pay with his longevity and his active-duty base pay at time of retirement being the only determining factors, or to receive disability retirement pay to be determined by a formula that multiplies the percentage of disability times the amount of his active-duty base pay at time of retirement. When the appellant computed his prospective retirement pay by each of these methods, he elected to accept disability retirement pay, because he would thereby receive more retirement pay.

"At the time of trial, appellant was receiving disability retirement pay from the United States Navy, and he has continued at all times since then to receive disability retirement pay from the Navy."

Considering these additional facts, we adhere to our original opinion. The payments though labeled "disability," still fit into the mould of an earned property right. They did not come to him as payment for

damages suffered by an injury, but were a part of the bundle of benefits—pay, quarters, travel allowances, etc.—earned by service. As such, they flowed into the community.

The motion for rehearing is overruled.