Ruth C. COPELAND, Appellant,

v.

George W. COPELAND, Appellee.

No. 8699.

Court of Civil Appeals of Texas, Amarillo.

Nov. 22, 1976.

Phelan & Phelan, Harold Phelan, Levelland, for appellant.

Allison & Davis, Andrew J. Kupper, Jr., Levelland, for appellee.

ROBINSON, Justice.

The respondent-wife appeals from the portion of a divorce judgment which finds that disability retirement benefits earned by the husband as an employee of General Motors during the marriage and being paid at the time of the divorce are the separate property of petitioner-husband. Reversed and remanded.

Petitioner-husband testified that he had worked for General Motors for almost 16 years; that he was married to respondent-wife when he went to work for General Motors and still married to her at the time he retired; that he was receiving disability retirement from General Motors at the time of the trial. With regard to his disability he testified as follows:

"I had a back—well, in 1968 I had a heart attack. In 1971 I got my back hurt. In 1972 I had a back operation and things rolled along and then I had to have a stomach operation. Forty-five percent of my stomach is removed, and I have not been able to work since."

Mr. Copeland testified that he was totally and permanently disabled and that he is drawing his disability pension from General Motors because of injuries inflicted on his body in the course of his employment. With regard to the nature of the retirement disability pension itself he testified that it is based on his prior earnings, and the number of years with the company, and that the amount of the payments was in part dependent on the amount of social security benefits which he received.

The trial court found that this General Motors disability retirement was the separate property of the husband and pursuant to that finding awarded the entire disability retirement to him in the divorce decree. Appellant wife contends that the General Motors disability retirement is the community property of the spouses.

■ The exact nature of the General Motors retirement program and the circumstances under which disability retirement is to be paid are not spelled out in the record. Nevertheless, the evidence shows without dispute that the right to disability retirement was not an award of damages for personal injury but is an earned property right, earned by the husband as a result of his employment with General Motors and earned during the marriage of the parties. The right to retirement pay fully vested and entirely accrued during the marriage. Thus, the entire disability retirement pay is community property. See *Busby v. Busby*, 457 S.W.2d 551 (Tex.1970). *Marshall v. Marshall*, 511 S.W.2d 72 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ); *Dominey v. Dominey*, 481 S.W.2d 473 (Tex.Civ.App.—El Paso 1972), *cert. denied* 409 U.S. 1028, 93 S.Ct. 462, 34 L.Ed.2d 321 (1972).

*Ramsey v. Ramsey*, 474 S.W.2d 939 (Tex. Civ.App.—Eastland 1971, writ dism'd), cited by appellee husband and holding that an award of compensation by the Veterans' Administration for service-connected disability is separate property, does not control the case before us. The court in *Ramsey*

expressly distinguished such an award from an earned property right, stating:

"In the instant case the payment to Ramsey was not an earned property right which accrued to him by reason of his years of service in military service, but was for personal injury or disease to him for service-connected disability. There was no obligation or promise by the Veterans' Administration to remunerate Ramsey for his service-connected disabilities. In determining the nature of such an award by the Veterans' Administration it is provided by Title 38 U.S.C. § 211(a) as follows:

'Except as provided * * * the decisions of the Administrator on any question of law or fact concerning a claim for benefits or payments under any law administered by the Veterans' Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision.'

"It is therefore apparent that the compensation to Frank Ramsey here involved is a payment personal to him from the government for service-connected injury or disease sustained in the military service and is not the result of an earned property right."

■ The portion of the statement of facts before us is limited to "a Narrative Transcript of the testimony of George W. Copeland and Ruth C. Copeland, relating, in any way to petitioner's disability, personal injury, retirement, and employment with General Motors Corporation." From the portion of the testimony before us, we are unable to say whether the trial court would err in awarding the entire community General Motors disability retirement to the petitioner-husband and we make no holding in that respect. Upon dissolution of the marriage, the trial court is not required to divide the estate of the parties equally. The court is vested with broad discretion in arriving at a just and right division in consideration of such factors as the age and physical condition of the parties, their relative need for future support, fault in breaking up the marriage, benefits the innocent spouse would have received from a continuation of the marriage, the size of the estate, and the relative abilities of the parties. *Hedtke v. Hedtke*, 112 Tex. 404, 248 S.W. 21 (1923); *Wilkerson v. Wilkerson*, 515 S.W.2d 52 (Tex.Civ.App.—Tyler 1974, no writ). It is, however, apparent that the trial court exercised its discretion in dividing the estate of the parties pursuant to its finding that the General Motors retirement was the separate property of the husband. This cause therefore must be remanded to the trial court so that it may exercise its discretion in making an appropriate award of the General Motors disability retirement pay considering that the retirement pay is the community property of the spouses and after consideration of all appropriate circumstances.

The portion of the judgment awarding the disability retirement benefits to petitioner George W. Copeland as his separate property is reversed and the cause remanded to the trial court.