578 P.2d 1006

**Frederick Jarrett FLOWERS, Appellant,**

v.

**Carolyn FLOWERS, Appellee.**

**No. 1 CA–CIV 3457.**

Court of Appeals of Arizona,
Division 1,
Department B.

Feb. 23, 1978.

Rehearing Denied March 30, 1978.

Review Denied April 25, 1978.

Hash, Cantor & Tomanek, Virginia Hash, Phoenix, for appellant.

Mariscal, Weeks, Lehman & McIntyre, Richard A. Friedlander, Phoenix, for appellee.

## OPINION

OGG, Judge.

The appellant/respondent Frederick Jarrett Flowers (husband) brings this appeal from a decree of dissolution of marriage granted to appellee/petitioner Carolyn Flowers (wife) on February 24, 1976.

It is the husband's contention that the trial court erred in awarding the wife a one-half interest in future disability payments and disability insurance benefits payable to the husband after his disability retirement from the Internal Revenue Service.

The husband presents two questions on appeal:

1. Are disability payments due to the husband under United States Civil Service to be treated the same as retirement benefits and divided upon the dissolution of marriage as part of the community assets?

2. Is the right to disability compensation for a disability which occurred after the filing of the petition for dissolution but before the dissolution of marriage a right "acquired during the marriage"?

We affirm the decision of the trial court and answer both questions in the affirmative.

The pertinent part of the decree of dissolution awarded the wife as her sole and separate property a one-half interest in the following: a) disability retirement benefits arising from husband's employment payable by the United States Civil Service Commission; b) the vested contributions in the United States Civil Service Retirement System arising from the husband's employment; c) the benefits, if any, under a Union Group Policy with the Insurance Company of North America.

The decree of dissolution further provided that the husband would not be required to pay any child support to the wife, who was awarded custody of the three minor children, due to the division of the community property as ordered by the court.

The husband testified at the dissolution hearing that as of the following day he would be entitled to receive monthly retirement annuity disability payments in the combined total sum of $838, which were tax free. During the trial the husband failed to present evidence of how the $838 payment was derived or how it interrelated with the vested retirement fund to which he had been contributing since May or June, 1970. At the time of trial no information was available on the status of his disability benefit claim from the Insurance Company of North America.

## WERE DISABILITY RETIREMENT BENEFITS PROPERLY HELD TO BE COMMUNITY PROPERTY?

The Arizona Supreme Court has recently held that retirement benefits earned during the marriage are community property. *Neal v. Neal*, 116 Ariz. 590, 570 P.2d 758 (1977); *Van Loan v. Van Loan*, 116 Ariz. 272, 569 P.2d 214 (1977). The only Arizona case dealing with both retirement and disability benefits is *Provinzano v. Provinzano*, 116 Ariz. 511, 570 P.2d 513 (Ct.App.1977). In that case this court reversed the trial court for awarding the husband the entire community interest in his retirement and disability benefits when there were no other substantial community assets. A post office retirement benefit, together with a veteran's benefit for a service-connected disability, were both considered community assets to be equitably divided at the time of the dissolution of marriage.

The wife also relies on *Busby v. Busby*, 457 S.W.2d 551 (Tex.1970), wherein it was held that a husband's disability retirement benefits from the Air Force were community property at the time of the divorce, even though the retirement was for an involuntary disability rather than a voluntary retirement. See, also *Dominey v. Dominey*, 481 S.W.2d 473, 475 (Tex.Civ.App.1972), cert. den. 409 U.S. 1028, 93 S.Ct. 462, 34 L.Ed.2d 321 (1972).

The husband wants us to follow the lead of the California decisions in which disability payments are not treated the same as retirement benefits. *In Re Marriage of Loehr*, 13 Cal.3d 465, 119 Cal.Rptr. 113, 531 P.2d 425 (1975); and *In Re Marriage of Jones*, 13 Cal.3d 457, 119 Cal.Rptr. 108, 531 P.2d 420 (1975), are two cases dealing with disability benefits awarded for disabilities incurred in military service. In *Jones* the court held that disability benefits are property treated as community property as long as the marriage exists, but the community loss does not continue after dissolution. In distinguishing disability payments from retirement payments, the court said:

> Pain, suffering, disfigurement or the loss of a limb, as here, is the peculiar anguish of the person who suffers it, it can never be wholly shared even by a loving spouse and surely not after the dissolution of a marriage by a departed one.

> Disability pay, consequently, compares to compensation for personal injury rather than to retirement pay.

California has followed this legal principle in a case dealing with workmen's compensation, *In Re Marriage of McDonald*, 52 Cal.App.3d 509, 125 Cal.Rptr. 160 (1975), and in a case dealing with disability benefits to a policeman, *In Re Marriage of Olhausen*, 48 Cal.App.3d 190, 121 Cal.Rptr. 444 (1975).

Although the California cases are persuasive, Arizona does not follow the rationale of the California rule as set forth in *Jones* with regard to personal injuries. Unlike California, in Arizona damage claims for personal injuries sustained by a spouse during marriage are community property, even if payment of the damages are recovered after divorce. *Tinker v. Hobbs*, 80 Ariz. 166, 294 P.2d 659 (1956); *Pacific Construction Co. v. Cochran*, 29 Ariz. 554, 243 P. 405 (1926); *Kenyon v. Kenyon*, 5 Ariz.App. 267, 425 P.2d 578 (1967).

We cannot rationally distinguish disability benefits from personal injury benefits. Therefore, following *Provinzano* and the Arizona decisions relating to personal injury benefits, we hold that the disability benefits in this case are community property to be equitably distributed by the court at the time of the dissolution of the marriage.

We believe our statute, ARS § 25–318, which provides for an equitable distribution of the community property, is a proper safety valve to take care of any inequitable fact situations which may arise by treating disability benefits in the same manner as retirement benefits. Under the facts of this case we find no inequity in the manner in which the trial court divided the community property.

## IS THE WIFE ENTITLED TO SHARE IN DISABILITY BENEFITS WHEN THE DISABILITY OCCURRED AFTER THE PETITION FOR DISSOLUTION WAS FILED?

The husband argues that since his right to disability compensation did not arise until after the petition for dissolution had been filed, this was not a community property right acquired during the marriage and therefore the wife is not entitled to any part of such benefits.

ARS § 25–211 reads:

> All property acquired by either husband or wife *during the marriage*, except that which is acquired by gift, devise or descent, is the community property of the husband and wife. [Emphasis added]

The husband reasons that the words "during the marriage" in the statute mean that period from the marriage ceremony until the filing of the petition for dissolution of marriage. The husband cites a case from New Jersey, a common-law state, which held that no property acquired after the date of the divorce complaint was subject to distribution in the divorce decree. *Painter v. Painter*, 65 N.J. 196, 320 A.2d 484 (1974).

If Arizona cases were to follow the New Jersey rule, it would cause great problems in this state. A significant percentage of the petitions for dissolution of marriage are never carried forward to the final decree of termination. To set the date of the filing

of such a petition as the date determining all future community property rights would cause great inequities and uncertainty in the law. The appellate courts of this state in recent opinions have consistently held that the community continues to exist, together with its rights and obligations, even when the parties may be living separate and apart. *Neal v. Neal; Guerrero v. Guerrero*, 18 Ariz.App. 400, 502 P.2d 1077 (1972); *Rodieck v. Rodieck*, 9 Ariz.App. 213, 450 P.2d 725 (1969).

Case law in Arizona dictates that a marriage continues, with the community rights and obligations, after a petition for dissolution is filed, until the final dissolution is ordered by the court.

Interrelated with the two major questions presented is the argument of the wife that the insurance policy must also be treated as community property because the payments for it were made out of the community bank account. Although we believe we have disposed of this issue by our holdings on the other issues, we will briefly address this matter.

▮ It appears the husband failed to show by clear and convincing evidence that the payments were made from his separate funds. The law is clear that when separate funds are so co-mingled with community funds that they can no longer be identified, the funds are presumed to be community funds. *Blaine v. Blaine*, 63 Ariz. 100, 159 P.2d 786 (1945); *Ivancovich v. Ivancovich*, 24 Ariz.App. 592, 540 P.2d 718 (1975).

We find the trial court made an equitable distribution of the community property in this case and we affirm.

EUBANK, P. J., concurring.

JACOBSON, Judge, specially concurring:

This specially concurring opinion deals solely with the result reached by the majority on the issue of the community property status of the husband's disability benefits. On all other issues dealt with by the majority opinion, I concur wholeheartedly.

On the disability benefit issue, my concurrence is on a very narrow ground—the failure of the husband to prove the nature of his disability benefits. Because of this failure of proof, I must assume by virtue of the presumptive community nature of property acquired during the marriage that the trial court could have properly determined that this was a community asset. A.R.S. § 25–211; *See Guerrero v. Guerrero*, 18 Ariz.App. 400, 502 P.2d 1077 (1972); *Musker v. Gil Haskins Auto Leasing, Inc.*, 18 Ariz. App. 104, 500 P.2d 635 (1972).

However, there are several types of "disability" payments which, in my opinion, may or may not be community assets subject to division upon termination of the marriage by divorce. The four most common types of "disability payments" are:

(1) The "disability retirement" benefits based upon longevity of service. An example of this type of benefit is the military service retirement benefit offered under 10 U.S.C. § 1201, which provides that if the recipient has 20 years or more of service and suffers a disability rendering him unfit to perform his duties, he may be "involuntarily" retired. (Normally, upon completion of 20 years of service, a serviceman may "voluntarily" retire. *See*, 10 U.S.C. §§ 1293, 3911, 6323, and 8911.)

(2) The "semi-retirement disability" benefit based in part on length of service and in part on type or percentage of disability. An example of this type of benefit is again the military service benefit offered under 10 U.S.C. § 1201, where the recipient has at least eight years of service plus 30% or more disability.

(3) The "pure disability" benefit based solely on disability. Under this type of benefit, regardless of length of service, where the recipient suffers a disability causally related to his employment, the recipient is entitled to benefits. An example of this benefit is the armed forces service-connected disability payment or, on the civilian side, the payment of benefits under workmen's compensation statutes.

(4) The "insurance disability benefit." This type of benefit normally entails a contract of insurance maintained by periodic

premium payments which pays the insured upon the contracted disability contingency occurring.

In determining whether these several types of disability benefits are community assets, subject to being divided upon the termination of the marriage, it is necessary to re-examine some basic principles of community property law. Spanish law, upon which our community property laws are based, made a distinction between property acquired by onerous title, that is, property acquired by the husband or wife during the marriage through their labors and industry or other valuable consideration; and property acquired by lucrative title, that is, property acquired by gift, succession, inheritance, or the like. Property acquired by onerous title is always community property.[1] Property acquired by lucrative title is generally separate property. deFuniak & Vaughn, Principles of Community Property, § 62 at 127 (2d Ed. 1971); Azo and Manuel, Institutes of the Civil Law of Spain, Book I, Title VII, Cap. 5, § 1 (1 J. M. White, New Recopilacion of the Laws of Spain and the Indies, and of the Colonial Charters and Local Ordinances of Great Britain, France and Spain, 1839).

It is therefore important in determining whether disability benefits are a community asset subject to division after dissolution of the marriage, to determine whether that asset was created by the labor and industry of the community member or with community valuable consideration or whether it was created from some other source. As was stated in *Van Loan v. Van Loan*, 116 Ariz. 272, 569 P.2d 214 (Sup.Ct.1977):

"The touchstone of the solution [is] . . . whether his rights in the pension constitute a property interest or right purchased with community funds or labor." *Id.* at 273, 569 P.2d at 215.

Applying this test, it is generally conceded that the "disability retirement benefit" (based on sufficient years to retire voluntarily) is "part of the bundle of benefits . . . earned by service" and is a community asset subject to division upon divorce. *Dominey v. Dominey*, 481 S.W.2d 473 (Tex.Civ.App.1972); *Busby v. Busby*, 457 S.W.2d 551 (Tex.Sup.Ct.1970); *See also, In re Marriage of Jones*, 13 Cal.3d 457, 119 Cal.Rptr. 108, 531 P.2d 420 (1975), declining to determine whether a disability pension granted after the serviceman has earned by longevity of service a vested right to retirement pay may constitute a community asset.

Likewise, there doesn't appear to be much doubt that insurance disability benefits purchased with community funds are to be considered as community assets. (See cases cited in majority opinion.)

The problem in Arizona centers on the semi-retirement disability benefit and the pure disability benefit.

While treating pure disability benefits (e. g., workmen's compensation) as community property during the term of the marriage, both California and Texas treat these benefits as separate property upon the termination of the marriage. *See, In Re Marriage of McDonald*, 52 Cal.App.3d 509, 125 Cal. Rptr. 160 (1975); *Ramsey v. Ramsey*, 474 S.W.2d 939 (Tex.Civ.App.1971).

It is true, as pointed out by the majority opinion, that the rationale of these cases is based upon the analogy between these types of disability payments and payments for personal injuries, which in Texas and California are separate property. Arizona does not follow this rule.[2]

---

1. The only exception is where the valuable consideration is itself separate property, property acquired by that separate property is likewise separate. *Nace v. Nace*, 104 Ariz. 20, 448 P.2d 76 (1968); *Lincoln Fire Ins. Co. v. Barnes*, 53 Ariz. 264, 88 P.2d 533 (1939); *Noble v. Noble*, 26 Ariz.App. 89, 546 P.2d 358 (1976); *See generally*, deFuniak and Vaughn, Principles of Community Property, §§ 62, 77 (2d Ed. 1971).

2. The rule in Arizona that payments for personal injuries are community property had its genesis in 1926 in *Pacific Construction Co. v. Cochran*, 29 Ariz. 554, 243 P. 405 (1926) at which time according to that case, this was the rule "in this state and community property states generally." Because of the dissatisfaction with the rule, only Arizona, Washington and Idaho now adhere to it. *See generally*, deFuniak & Vaughn, *supra*, § 82, *et seq.* at 197–204.

While a strong argument can be made that the Arizona rule on personal injury payments is wrong, such an argument is more properly addressed by our Supreme Court which created the rule and by which we are bound. *McKay v. Industrial Commission*, 103 Ariz. 191, 438 P.2d 757 (1968).

In my opinion, the holding that pure disability benefits, after divorce, are the separate property of the disabled party can be sustained on grounds other than their similarity to personal injury payment, that is, they are not the result of onerous title. Rather, workmen's compensation benefits and service-connected disability payments are received, not as the result of past labors, and thus "earned", but rather by society's decision, through the legislative process, that work related injuries and their results are a societal responsibility, rather than an individual responsibility. In this sense they are acquired by lucrative title rather than onerous title and as such are separate property. During the term of the marriage, since these payments represent earning capacity and loss of wages (labor) they are properly considered community property. *See Dawson v. McNaney*, 71 Ariz. 79, 223 P.2d 907 (1950); *Guerrero v. Guerrero, supra.* However, once the marriage is terminated, the right of the community to share in the labors of the parties is likewise terminated and since one spouse has no right to the future earnings of the other after divorce, so no right should exist to payments representing those earnings, provided the entitlement to those payments is based on lucrative rather than onerous title. Being acquired by lucrative title, after divorce, I would hold such payments to be separate property.

As to the semi-retirement disability payments (payments based on both service and disability and what is apparently involved here) a serious question can arise based on the prior reasoning, as to whether these should be considered a community asset subject to division upon divorce. California would hold them separate property after divorce. *In Re Marriage of Jones, supra.* Depending upon the conditions to the entitlement to disability payments, a valid

argument can be made that at least a portion of the payment can be considered a community asset. However, as previously pointed out, since the husband failed to prove the conditions under which he was receiving the particular disability payments involved here, I concur in the result reached by the majority that these be treated as a community asset.