605 P.2d 909

**Cynthia RICKMAN, Petitioner/Appellee,**

**v.**

**Bruce RICKMAN, Respondent/Appellant.**

**No. 2 CA–CIV 3067.**

Court of Appeals of Arizona, Division 2.

Jan. 15, 1980.

Law Offices of Rubin Salter, Jr. by Rubin Salter, Jr., and Jeffrey H. Schwartz, Tucson, for petitioner/appellee.

Curtis & Cunningham by George Haskel Curtis, Tucson, for respondent/appellant.

## OPINION

RICHMOND, Judge.

Appellant seeks review of the property division, spousal maintenance and child support provisions of a dissolution decree. The decree provided that appellee have as her sole and separate property one-half of the base amount of $810 per month received by appellant from the Veterans Administration as disability payments. She also was awarded an undivided one-half interest in the family residence with the right to its exclusive use and possession until the youngest child reaches the age of 18, dies or is otherwise emancipated. Appellant was awarded the other undivided one-half interest and upon emancipation of the youngest child could petition for partition of the property. Each party also was awarded an undivided one-half interest in 3.33 acres located in Pinal County.

Appellee was given custody of the minor children and appellant was ordered to pay the sum of $100 per month for their support until the youngest child is 18 or otherwise emancipated. (One of the parties' five children had then reached the age of 18. The others were 17, 15, 14 and 12.) The decree further provided:

> . . . [I]f respondent becomes employed and his net earnings (after tax deductions only) are over $1,000.00 per month, then and in that event, respondent shall pay to petitioner the sum [of] ONE HUNDRED ($100.00) DOLLARS plus 25% of his net earnings over ONE THOUSAND ($1,000.00) DOLLARS as and for monthly child support, the total sum to be paid until the youngest minor child attains the age of 18 years or is otherwise emancipated.

The decree required appellant to maintain medical and hospitalization insurance coverage for the children during their minority or until emancipation and to make the monthly payments on the Pinal County real property. Appellee was directed to make the monthly mortgage payment and to pay all expenses relating to the residence.

A provision for spousal maintenance recited:

> If respondent becomes employed and the veteran's disability payment is decreased for that reason, or for any other reason, the respondent shall pay to petitioner as and for spousal maintenance the amount of the petitioner's one-half interest in said disability payments if decreased from $405.00, . . . . .

The dissolution decree was entered May 10, 1978, approximately four years after a decree of legal separation requiring appellant to pay to appellee the sum of $62.50 per week for the support of the five minor children and the mortgage payment on the residence, which was "considered spousal maintenance."

Testimony at trial was not reported. The documentary evidence includes the affidavits of both parties and letters from two doctors indicating that appellee had spastic paraparesis and a hearing difficulty. One doctor stated that her possibility for employment in the near future was limited because her medical problems eliminated any job requiring much physical exertion or quick movements.

Appellant's affidavit indicated that his sole source of income was the VA disability benefits. Appellee's affidavit stated that in addition to the money from appellant she received $55 per month from Vocational Rehabilitation and $120 per month from a boarder.

Appellant contends that the trial court erred in treating his disability income from the Veterans Administration as community property, and that at most only a portion was community property because the parties had not become Arizona domiciliaries

until August 1971; that the court had no authority to award spousal maintenance upon the happening of a future event or to provide for future modification of child support; and finally, that the court abused its discretion as to the amount awarded to appellee.

The trial court found that the Veterans's benefits were presumptively community property, citing *Flowers v. Flowers*, 118 Ariz. 577, 578 P.2d 1006 (App.1978). In *Flowers*, the court upheld a determination that disability retirement benefits arising from the husband's employment and payable by the United States Civil Service Commission were community property. However, the husband in *Flowers* failed to prove the nature of his disability benefits. Appellant's affidavit in support of his motion to vacate or alter the judgment recites that the disability income he received was based on his "unemployability," that his discharge from the Air Force after slightly more than one year in active service was a 100 per cent disability discharge for medical and psychiatric causes, that in 1962 his disability was rated by the Veterans Administration at 40 per cent, that in 1972 it was raised to 60 per cent, and that finally in 1974 it was increased to its existing 100 per cent ($810 base amount) for primarily psychiatric reasons.

■ Veterans' benefits are mere gratuities and not rights. *deRodulfa v. United States*, 149 U.S.App.D.C. 154, 461 F.2d 1240 (D.C. Cir. 1972); *cert. den.* 409 U.S. 949, 93 S.Ct. 270, 34 L.Ed.2d 220; *Milliken v. Gleason*, 332 F.2d 122 (1st Cir. 1964); *Taylor v. United States*, 379 F.Supp. 642 (W.D.Ark. 1974); *Steinmasel v. United States*, 202 F.Supp. 335 (S.D.S.D.1962). The monthly payments to appellant did not constitute an earned property right which accrued to him by reason of his years of service in the military, but were for personal injury or disease for service-connected disability. *Ramsey v. Ramsey*, 474 S.W.2d 939 (Tex. Civ.App.1971).

■ It is our opinion that the monthly checks received by appellant from the Veterans Administration for service-connected disabilities, after dissolution of the marriage, are his separate property. Our conclusion is supported by 38 U.S.C.A. § 3101, which states in part:

> Payments of benefits due or to become due under any law administered by the Veterans' Administration shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary.

*Cf. Hisquierdo v. Hisquierdo*, 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979) (non-assignability of retirement benefits under Railroad Retirement Act precludes community property interest in spouse).

We adopt the following statement by Judge Jacobson in his specially concurring opinion in *Flowers v. Flowers*, supra:

> [W]orkmen's compensation benefits and service-connected disability payments are received, not as the result of past labors, and thus "earned", but rather by society's decision, through the legislative process, that work related injuries and their results are a societal responsibility, rather than an individual responsibility. In this sense they are acquired by lucrative title rather than onerous title and as such are separate property. During the term of the marriage, since these payments represent earning capacity and loss of wages (labor) they are properly considered community property. [Citations omitted.] However, once the marriage is terminated, the right of the community to share in the labors of the parties is likewise terminated and since one spouse has no right to the future earnings of the other after divorce, so no right should exist to payments representing those earnings, provided the entitlement to those payments is based on lucrative rather than onerous title. 118 Ariz. at 582, 578 P.2d at 1011.

*See also Luna v. Luna*, (2 CA–CIV 3326, filed Dec. 27, 1979). As the disability bene-

fits were appellant's separate property, the trial court lacked jurisdiction to award one-half to appellee. A.R.S. § 25–318.

In view of our disposition of the question pertaining to division of disability benefits, we need not consider the remaining issues. The cause must be remanded for a new determination as to spousal maintenance and child support, bearing in mind that appellant had an income of $810 from disability benefits while appellee had a monthly income of $175.

The provisions of the dissolution decree as to the division of disability benefits, spousal maintenance, and child support are set aside and the cause remanded for further proceedings.

HATHAWAY, C. J., and HOWARD, J., concur.