NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

RODNEY L. ALGER, JR., *Petitioner/Appellant*,

*v.*

KAREN L. BACKES-ALGER, *Respondent/Appellee*.

No. 1 CA-CV 22-0433 FC
FILED 6-13-2023

Appeal from the Superior Court in Maricopa County
No. FN2021-052118
The Honorable Michael Valenzuela, Judge

**AFFIRMED**

COUNSEL

Collins & Collins, L.L.P., Phoenix
By Jonathan S. Collins
*Counsel for Petitioner/Appellant*

Schmillen Law Firm, PLLC, Scottsdale
By James R. Schmillen, Erica Leavitt
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Randall M. Howe and Judge Anni Hill Foster joined.

---

**T H U M M A**, Judge:

¶1        Rodney L. Alger, Jr., (Husband) appeals from the decree of dissolution of his marriage to Karen L. Backes-Alger (Wife), ordering the sale of a house bought during the marriage and that the proceeds be split evenly. Because Husband has shown no error, the order is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2        Husband and Wife married in 2016 and have no children together. In November 2021, Husband petitioned for dissolution of marriage. The petition listed, as community property, a house the couple bought in 2019 valued at $550,000. The petition claimed Husband "made every payment along with utilit[ies]" for the house. In the section labeled, "Other Orders I am Requesting," the petition stated Husband sought "full rights" to the house, adding he paid the $5,000 down payment. The petition repeated the claim that Husband paid the mortgage, and for solar panels, from his personal account funded by his military disability benefits. As to separate property, the petition stated, "I do have property or separate property, that I brought into the marriage." The only property listed in this section was personal property – tools, TVs, couches, beds, kitchen items, pictures, bedding and an entertainment center; the house was not mentioned. Wife's response asserted that the house was community property, that both parties were on the mortgage, that they had a "deal" for sharing costs for the house and sought half of the equity in the house.

¶3        Both Husband and Wife were self-represented in superior court. In March 2022, the court set a one-hour trial for May 2022. Neither party sought more trial time. Although Husband's pretrial statement listed no contested issues of fact or law, it attached his financial affidavit, which included the house in the listing of "all property acquired during your marriage in which you or your spouse claims to have a community interest."

¶4　　　At trial, the parties told the court that they would testify but they would call no other witnesses. The court stated, without objection, "[e]ach of you will have 25 minutes to present your case," with Husband going first and then Wife. Because they were self-represented, the court stated it would ask questions, and then they could provide "any additional information that you think is important that I haven't asked about." When the court asked Husband questions, he testified about the seven exhibits he offered. Husband also testified that he "would like sole and separate property from the" house. He testified that he bought the house, during the marriage, with money he received from the sale of a house he bought before the marriage. Although not disputing that the house was listed in both their names, he testified that was done at Wife's request "to work on our marriage" and that he used his disability benefits "to pay for every mortgage payment." In her testimony, Wife agreed that the down payment for the house came from Husband, adding that she "gave him money every single month that covered all the costs of the utilities and all that." Husband did not challenge this testimony when cross-examining Wife.

¶5　　　Even though Wife testified she had never seen the exhibits Husband offered, the court admitted four of those exhibits. Although Husband testified about the three other exhibits he offered, the court did not admit those exhibits — a closing statement from the previous house, mortgage statements for the current house and utility bills. A minute entry issued a few days later showed the court admitted four of Husband's seven exhibits. The trial ended, without objection, 55 minutes after it began.

¶6　　　Three weeks later, the court issued the decree. Having considered the evidence, witness demeanor and arguments, the court divided the equity in the house equally. Citing *Toth v. Toth*, 190 Ariz. 218, 221 (1997), the court noted the case did not "present a unique set of facts or circumstances," meaning "an equal division of community property is appropriate to achieve equity." Citing *Sommerfield v. Sommerfield*, 121 Ariz. 575, 578 (1979), the court noted the presumption that "any property acquired by either spouse during marriage is community property, unless demonstrated otherwise by clear and convincing evidence." As applied, the court found that the house was acquired during the marriage, that Husband's petition listed the house as community property and that Husband failed to trace the funds used to purchase the house back to his separate property. Accordingly, the decree directed that the house be listed for sale within 60 days, with the parties to split the proceeds equally.

**¶7** This court has jurisdiction over Husband's timely appeal under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1) and -2101(A)(1) & (2) (2023).[1]

## DISCUSSION

**¶8** Husband argues the superior court: (1) denied him due process by allocating him 25 minutes of trial time and using most of that time asking him questions; (2) erred in failing to admit all of his exhibits; (3) erred in classifying the house as community property and (4) failed to divide the house equitably.

## I. Husband Has Not Shown the Court Denied Him Due Process.

**¶9** The superior court "has broad discretion over the management of its docket," *Findlay v. Lewis*, 172 Ariz. 343, 346 (1992), and may impose reasonable time limits, Ariz. R. Fam. Law P. 22(a). "[W]hether additional time is necessary remains committed to the court's discretion." *Backstrand v. Backstrand*, 250 Ariz. 339, 347 ¶ 29 (App. 2020). The court set a one-hour trial two months in advance. As trial began, the court explained each side would have 25 minutes. At no time did Husband object. *Odom v. Farmers Ins. Co. of Ariz.*, 216 Ariz. 530, 535 ¶ 18 (App. 2007).

**¶10** Waiver aside, Husband testified about the exhibits he offered and why he believed he should be awarded the house. After his testimony and arguments about exhibits, the court asked if there was "[a]nything else," and Husband responded "[t]hat's it." Husband also elected not to cross-examine Wife about the house. Husband was afforded "an opportunity to be heard at a meaningful time and in a meaningful manner." *Volk v. Brame*, 235 Ariz. 462, 468 ¶ 20 (App. 2014) (citation omitted). Furthermore, Husband has not shown what evidence or argument he was prevented from presenting. *See id.* at 470 ¶ 26 ("Due process errors require reversal only if a party is thereby prejudiced."). The record does not show that the trial was "unreasonable" or otherwise a denial of due process. *Id.* at 468 ¶ 21.

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

## II.     Husband Has Shown No Error in the Exclusion of Exhibits.

**¶11**          Husband next argues that the court erred in failing to admit three of his exhibits. But "[u]nless justice requires otherwise, an error in admitting or excluding evidence . . . is not grounds for . . . vacating, modifying, or otherwise disturbing a judgment or order." Ariz. R. Fam. Law P. 86; *see also John C. Lincoln Hosp. and Health Corp. v. Maricopa Cnty.*, 208 Ariz. 532,  543 ¶ 33 (App. 2004) (party must show "clear abuse or legal error and resulting prejudice" to overturn evidentiary ruling). Husband testified about the substance of the exhibits. Nor has he shown that they address tracing. Again, Husband has not shown error.

## III.     The Court Did Not Err in Classifying the House as Community Property.

**¶12**          Husband argues the court erred in classifying the house as community property. Husband, however, asserted in both his petition and his pretrial statement that the house was community property. *See Adams v. Bear*, 87 Ariz. 288, 294 (1960) ("[P]arties are bound by their pleadings and evidence may not be introduced to contradict or disprove what has been admitted or asserted as a fact in their pleadings."); *Bobrow v. Bobrow*, 241 Ariz. 592, 598 ¶ 28 (App. 2017) ("The pretrial statement controls the subsequent course of the litigation.").

**¶13**          Even absent waiver, Husband has not shown the court erred in classifying the house as community property, an issue this court reviews de novo. *Bell-Kilbourn v. Bell-Kilbourn*, 216 Ariz. 521, 523 ¶ 4 (App. 2007). Property acquired during marriage is presumed to be community property, and clear and convincing evidence is required to rebut that presumption. *Sommerfield*, 121 Ariz. at 577. Husband argues that he bought the house with separate property. Husband provided a closing statement from the sale of his prior house and mortgage statements for the house bought during the marriage, but presented no evidence to show the funds received from the sale of the prior house were held as separate property. *See Flowers v. Flowers*, 118 Ariz. 577, 580 (App. 1978) (separate funds co-mingled with community funds are presumed to be community funds).

**¶14**          In addition, where title is "taken in the name of both spouses, a presumption exists that the contributing spouse intended to make a gift to the other spouse of a one-half interest in the property." *In re Marriage of Flower*, 223 Ariz. 531, 535 ¶ 15 (App. 2010). "The presumption may be rebutted through clear and convincing evidence showing the lack of intent to make an interspousal gift." *Id*. Husband provided no evidence to rebut

the presumption of spousal gift. Moreover, the trial evidence that they agreed to purchase the house to "work on their marriage" and that they agreed together to add solar panels to the house suggests joint ownership. Husband has not shown this conflicting evidence required the superior court to conclude that the house was his sole and separate property.

## IV. Husband Has Not Shown the Court Failed to Divide the House Equitably.

¶15 Husband argues the court erred by failing to equitably divide the house. The court must "divide the community, joint tenancy and other property held in common equitably, though not necessarily in kind." A.R.S. § 25-318(A). As noted above, citing *Toth*, the court found no reason to deviate from dividing the property "substantially equally." When making such an equitable division, the court should consider all factors "including the length of the marriage; the contributions of each spouse to the community, financial or otherwise; the source of funds used to acquire the property to be divided; the allocation of debt; as well as any other factor that may affect the outcome." *In re Marriage of Inboden*, 223 Ariz. 542, 547 ¶ 18 (App. 2010). Given the discretion the trial court has in determining what allocation "is equitable under the circumstances," this court will not disturb that determination absent an abuse of discretion. *Id.* at 544 ¶ 7.

¶16 Husband argues this case is like *Toth* and the court should have equitably awarded him the house. *Toth*, however, involved a two-week marriage, "allowing no time for a marital relationship to develop, or for other equities to come into play." 190 Ariz. at 221. The superior court here considered *Toth* and found that analysis did not apply. Husband argues this court should not find Wife's testimony credible, but this court does not "reweigh evidence or determine the credibility of witnesses." *Clark v. Kreamer*, 243 Ariz. 272, 276 ¶ 14 (App. 2017). On this record, Husband has not shown that the court abused its discretion in dividing the proceeds from the house substantially equally.[2]

---

[2] Husband also argues that he should have been given a lien on the house for his contribution or separate property. However, Husband did not make that request in superior court, meaning it is waived on appeal. *See Odom*, 216 Ariz. at 535 ¶ 18.

## CONCLUSION

**¶17**  The decree is affirmed. Each party requests attorneys' fees on appeal under A.R.S. § 25-324(A). In its discretion, this court denies each party's request. Wife is, however, awarded her taxable costs incurred on appeal contingent upon her compliance with ARCAP 21.

