Lonnie LOVING, Appellant,

v.

Renee E. STERLING, Appellee.

No. 94–FM–850.

District of Columbia Court of Appeals.

Submitted June 11, 1996.
Decided July 18, 1996.

Peter N. Mann, Ashton, MD, for appellant.

Martin B. White, Assistant Corporation Counsel, with whom Garland Pinkston, Jr., Acting Corporation Counsel at timé memorandum in lieu of brief was filed, and Charles L. Reischel, Deputy Corporation Counsel, were on memorandum in lieu of brief, for appellee.

Before FERREN and KING, Associate Judges, and GALLAGHER, Senior Judge.

KING, Associate Judge.

Lonnie Loving appeals an order directing him to pay child support in the amount of $333 per month, contending that federal law prohibits consideration of his Veterans Administration ("VA") disability benefits as income under the District of Columbia Child Support Guideline ("Guideline"), D.C.Code § 16–916.1 (1989 Repl. & 1996 Supp.). Although we have never decided this issue, our decision is governed by the Supreme Court's analysis in *Rose v. Rose*, 481 U.S. 619, 107 S.Ct. 2029, 95 L.Ed.2d 599 (1987). Applying that authority, we affirm.

Loving, a veteran who is completely disabled as a result of post-traumatic stress disorder, receives, as his sole source of income, $1848 per month ($22,176 per year) in veterans' disability benefits and $820 per month ($9,840 per year) in civil service retirement benefits.[1] In March of 1992, Renee E. Sterling filed a petition to establish paternity and provide support for her and Loving's minor child, Xavier Sterling. In September of 1992, a Superior Court Hearing Commissioner calculated Loving's support obligation at $425 per month pursuant to the Guideline, by considering Loving's veterans' disability benefits as income. In October of 1992, the VA began apportioning $62 per month from Loving's disability benefits for the support of Xavier. Subsequently, upon Loving's motion and a trial court remand for consideration of new evidence, the commissioner reduced Loving's support payment to $333 per month.[2] Loving then moved for trial court review of the commissioner's order, which was affirmed. This appeal followed.

The Guideline provides that, for the purposes of determining the amount of one's child support obligation, "gross income means income from any source, including, but not limited to … Veteran's benefits." D.C.Code § 16–916.1(c)(9). The Guideline does not distinguish between types of veteran's benefits and does not state that any are exempt from garnishment. *Id.* Nevertheless, Loving contends that his VA disability benefits may not be considered "income" for purposes of determining his child support obligations. Specifically, he argues that the D.C. child support statute is preempted by a federal statutory scheme that protects VA disability benefits from state court infringement. *See* U.S. CONST., art. VI, cl. 2. In support of his argument, Loving cites 38 U.S.C. § 3107(a)(2) (recodified as 38 U.S.C. § 5307(a)(2) (1991))[3] and 38 U.S.C. § 211(a)

---

1. Loving, through a voluntary agreement, pays $6405 per year to support another of his children. He also has a medically certified need for a housekeeper, for whom he pays $50 per week. He also claims that he pays $200 per month for yard work.

2. This sum was calculated by making certain adjustments to Loving's gross income, which resulted in a guideline support amount of $395 per month. The $62 already being paid through the VA apportionment was subtracted to reach the $333 figure. Neither party challenges the amount calculated by the commissioner.

3. Section 5307(a)(2) provides that "[a]ll or any part of the compensation … payable on account of any veteran may … if the veteran's children are not in the custody of the veteran, be apportioned as may be prescribed by the Secretary." 38 U.S.C. § 5307(a)(2) (1991).

(recodified as 38 U.S.C. § 511(a) (1991)) [4], which he argues prohibit anyone but the Administrator (now titled the "Secretary") of Veterans Affairs from deciding whether to apportion any part of his veteran's disability benefits for his children. Moreover, Loving argues that the federal Child Support Enforcement Act, 42 U.S.C. §§ 659(a) & 662(f)(2) (1991),[5] prohibits veterans' disability benefits from being subjected to legal process for the enforcement of payment of child support obligations.

Applying the principles set forth by the Supreme Court in *Rose, supra,* 481 U.S. at 619, 107 S.Ct. at 2029, we reject Loving's contentions. *Rose* involved a disabled Vietnam War veteran whose income consisted solely of benefits from the Veterans and Social Security Administrations. Upon granting Rose and his wife a divorce, a Tennessee court ordered him to pay $800 per month in child support. In setting Rose's financial responsibility for child support, the court considered his financial resources, including his veteran's disability benefits. Rose refused to pay the amount ordered, was found in contempt, and appealed.

The Supreme Court affirmed the contempt order, finding no conflict between the state law and the veterans' benefits provisions of Title 38 or the garnishment provisions of the Child Support Enforcement Act of Title 42. *Id.* at 636, 107 S.Ct. at 2039. In so holding, the Court repeated that "[o]n the rare occasion when state family law has come into conflict with a federal statute, this Court has limited review under the Supremacy Clause to a determination whether Congress has 'positively required by direct enactment' that state law be pre-empted." *Id.* at 625, 107 S.Ct. at 2033 (quoting *Hisquierdo v. His-*

*quierdo,* 439 U.S. 572, 581, 99 S.Ct. 802, 808, 59 L.Ed.2d 1 (1979)). Moreover, "[b]efore a state law governing domestic relations will be overridden, it "must do 'major damage' to 'clear and substantial' federal interests." *Rose, supra,* 481 U.S. at 625, 107 S.Ct. at 2033–34 (quoting *Hisquierdo, supra,* 439 U.S. at 581, 99 S.Ct. at 808).

The Court concluded that 38 U.S.C. § 3107(a)(2) and 38 U.S.C. § 211(a), the precise statutes Loving relies on here, do not displace a state court's power to enforce an order of child support. *Id.* at 628–30, 107 S.Ct. at 2035–36. Recognizing "the traditional authority of state courts" over domestic relations issues, the Court concluded that "Congress would surely have been more explicit had it intended the Administrator's apportionment power to displace a state court's power to enforce an order of child support." *Id.* at 628, 107 S.Ct. at 2035. The Court stated that in providing veterans' disability benefits Congress intended to compensate for impaired earning capacity and to "provide reasonable and adequate compensation for disabled veterans *and their families.*" *Id.* at 630, 107 S.Ct. at 2036. State contempt proceedings to enforce a valid child support order are consistent with this intent. *Id.* Thus, the trial court's award of child support from Rose's disability benefits did not do "'major damage' to any 'clear and substantial' federal interest," *see id.* at 628, 107 S.Ct. at 2035, and was not preempted by the federal statutes. *Id.*

In the present case, the trial court was authorized by the Guideline to consider Loving's disability benefits as income in determining the amount of his child support obligation. D.C.Code § 16–916.1(c)(9). Because

**4.** Section 511(a) provides that "[t]he Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans.... [T]he decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether an action in the nature of mandamus or otherwise." 38 U.S.C. § 511(a) (1991).

**5.** Section 659(a) provides that "moneys, (the entitlement to which is based upon renumeration

for employment) due from, or payable by, the United States ... shall be subject ... to legal process brought for the enforcement against such individual of his legal obligation to provide child support or make alimony payments." 42 U.S.C. § 659(a) (1991).

Section 662(f)(2) provides that money that is "based upon renumeration for employment" does not include "any payment by the Secretary of Veterans Affairs as compensation for a service-connected disability." 42 U.S.C. § 662(f)(2) (1991).

the contempt order in *Rose* was consistent with congressional intent to provide for veterans and their families, it necessarily follows that an order, such as the one entered here, that includes disability benefits as income to determine the amount of obligation, does not violate federal law. *See Rose, supra,* 481 U.S. at 630, 107 S.Ct. at 2036. Accordingly, the Guideline meets the constitutional test described in *Rose,* and thus, is not preempted by federal statute.[6]

■ Finally, the *Rose* Court interpreted the very two provisions from the Child Support Enforcement Act that Loving cites in his support here. *See Rose, supra,* 481 U.S. at 634–35, 107 S.Ct. at 2038–39; 42 U.S.C. §§ 659(a) & 662(f)(2). The Court reasoned that while § 659(a) was designed as a limited waiver of sovereign immunity in order to facilitate garnishment of federal funds for child support, the exemption for veterans' disability benefits in § 662(f)(2) was enacted to protect a government entity from being subjected to legal process in the nature of garnishment directed to a government agency. *Rose, supra,* 481 U.S. at 634–35, 107 S.Ct. at 2038–39. The Court, however, found "no indication in the statute that a state-court order of contempt issued against *an individual* is precluded where the individual's income happens to be composed of veterans' disability benefits." *Id.* at 635, 107 S.Ct. at 2039. Once disability benefit funds are delivered to the veteran, a state court can require that veteran to use them to satisfy an order of child support. *Id.* In the present case, the order is directed to Loving himself and does not necessitate the garnishment or withholding of his benefits by the Veterans Administration, and thus, is not in conflict with Title 42. *See id.*

*Affirmed.*

---

**6.** The *Rose* Court also determined that the VA allocations to veterans' children are merely one mechanism for ensuring that children receive support payments. *Rose, supra,* 481 U.S. at 626– 28, 107 S.Ct. at 2034–35. Thus, the fact that $62 is being apportioned by the VA does not limit a state court's power to order additional payments. *Id.*