STATE of Alaska, DEPARTMENT OF REVENUE, CHILD SUPPORT DIVISION, Appellant,

v.

William R. CARRICK, Appellee.

No. S–6622.

Supreme Court of Alaska.

Sept. 20, 1996.

Terisia K. Chleborad, Assistant Attorney General, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellant.

No appearance for Appellee.

Before COMPTON, C.J., RABINOWITZ, MATTHEWS and EASTAUGH, JJ., and SHORTELL, Justice Pro Tem.*

*OPINION*

PER CURIAM.

## I. INTRODUCTION

The single issue presented in this appeal concerns the manner in which a noncustodial parent, William Carrick, can satisfy a combination of repayment obligations to the Child Support Enforcement Division (CSED) and a continuing support obligation to his minor son.[1] The superior court essentially authorized William to pay a portion of these obligations directly to his former wife. The State questions this authorization and asserts that all monies owed by William must be routed through CSED as a matter of law.

## II. FACTS AND PROCEEDINGS

Renee Carrick and William Carrick were divorced in October 1989. Renee assumed sole custody of their son. Renee had been receiving public assistance for the support of their son before the divorce and continues to

receive support to the present. Subsequently it came to the attention of CSED that William, pursuant to a settlement agreement incorporated into their divorce decree, was not paying child support in accordance with the provisions of Civil Rule 90.3.[2] CSED then filed a motion to require William to reimburse the State for past public assistance and also to modify William's support obligation to bring it in conformity with Civil Rule 90.3. The superior court entered an order on August 5, 1994, requiring William to repay the State $3,000 for public assistance payments made to Renee between October 1988 and September 1993. The superior court's order set William's child support obligation at $460 a month commencing on October 1, 1993.[3]

Beginning on November 1, 1989, it appears that William provided that $100 of his veteran's benefits be paid directly to Renee each month.[4] This direct monthly payment is the basis of CSED's attack on the superior court's order.

In his initial report, the Master wrote in part:

However, there was insufficient evidence as to how either the VA or Social Security Administration would view a support order

---

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

1. CSED formulated the issue before this court as follows: "Where a noncustodial parent is obligated to repay the state for public assistance paid for the benefit of his child, did the superior court err when it held that the [non]custodial parent's child support obligation could be partially satisfied by payments made directly to the custodial parent?"

2. As to child support the settlement agreement states:

The mother currently receives social security payments and payments from the Veteran's Administration. The social security administration and the veteran's administration pays to the wife a dependent's share of the social security and veteran's administration payments. The husband agrees that these payments shall continue and he shall not in any way interfere with them and shall do all things necessary to make sure and certain that the dependent payments from social security and veteran's administration are paid to the wife for the benefit of the minor issue.

The parties agree that these payments shall be in place of and instead of Civil Rule 90.3. However, the parties agree that should the husband become employed on a full-time basis, the wife reserves the right to ask for and request child support payments pursuant to Civil Rule 90.3.

3. The fact and extent of William's liability to reimburse the State were never appealed. Nor did William appeal the superior court's determination that pursuant to Civil Rule 90.3 his monthly child support obligation is $460.

4. A letter from the Department of Veteran's Affairs states the following:

This certifies the records of the U.S. Department of Veterans Affairs (VA) indicate Mr. William R. Carrick has provided payment of $100.00 per month to Renee Carrick, custodian of Will E. Carrick. This $100.00 has been made monthly since November 1, 1989.

Mr. William R. Carrick currently receives a total of [$]1,649.00 from this department, and $100.00 is deducted from the [$]1,649.00 amount.

directing the federal agencies to dispense monies in a certain way. The State's power to do that is uncertain. Rather, the more prudent means of dealing with support is for the court to just order Mr. Carrick to pay the $460.00 per month support and for him to arrange payment as best he can.

Thereafter, in response to CSED's motion for clarification, the Master stated in part:

Clarification was sought as to the phrase ... "∴... for him to arrange payment as best he can." It means only that however he comes up with the $460.00 per month is his responsibility, but the bottom line is that is what he would owe.[5]

CSED objects to this arrangement, claiming "that the [$100.00 Veteran's Administration] payment should be routed through the CSED." CSED asks this court to reverse the superior court and order William to redirect the Department of Veteran's Administration to pay the $100 in veteran's benefits to CSED. Alternatively, CSED requests that William redirect the $100 in veteran's benefits to himself and in turn pay the $100 directly to it each month.

## III. DISCUSSION

CSED commences its substantive argument by noting that its entitlement to reimbursement for past and ongoing public assistance paid to Renee is established under *State, Child Support Enforcement Division v. Gammons*, 774 P.2d 181 (Alaska 1989).[6] CSED also points to AS 47.25.345, which provides that a custodial parent who receives public assistance for a minor child assigns all right to support, from all sources, to the State as a condition of accepting public assistance.[7] CSED next relies on the text of AS 25.27.080(a), which provides that

[a] court order requiring payment of child support shall be modified to order payments be made to the agency [CSED] upon application.[8]

Finally CSED argues that

[t]he state should be able to receive $360 a month from Mr. Carrick and $100 a month from the VA to pay towards the child support debt. When money is routed through CSED, the payments can properly be allocated to Mrs. Carrick and to offset the public assistance paid for Will Carrick. Since the trial court's decision does not require that the payments be routed through CSED, the state is effectively denied reimbursement for public assistance.

. . . .

---

5. The superior court subsequently approved both the Master's report and the Master's clarification of his interim report.

6. *See* AS 25.27.120(a), which provides in part:

An obligor is liable to the state in the amount of assistance granted under AS 47.07 and AS 47.25.310—47.25.420 to a child to whom the obligor owes a duty of support except that, if a support order has been entered, the liability of the obligor for assistance granted under AS 47.25.310—47.25.420 may not exceed the amount of support provided for in the support order, and, if a medical order of support has been entered, the liability of the obligor for assistance granted under AS 47.07 may not exceed the amount of support provided for in the medical order of support.

7. AS 47.25.345 reads as follows:

An applicant for or recipient of assistance under AS 47.25.310—47.25.420 is considered to have assigned to the state, through the child support enforcement agency, all rights to accrued and continuing support that the applicant and other persons for whom assistance is sought may have from all sources. The assign-

ment takes effect upon a determination that the applicant is eligible for assistance under AS 47.25.310—47.25.420. Except with respect to the amount of any unpaid support obligation accrued under the assignment, the assignment terminates when the applicant ceases to receive assistance.

8. CSED further argues that in conjunction with AS 25.27.080(a), the provisions of AS 25.27.020(b) contemplate that all support payments should be paid through CSED where public assistance has been or is being paid for the benefit of the obligor's children.

AS 25.27.020(b) reads in full as follows:

In determining the amount of money an obligor must pay to satisfy the obligor's immediate duty of support, the agency shall consider all payments made by obligor directly to the obligee or to the obligee's custodian before the time the obligor is ordered to make payments through the agency. After the obligor is ordered to make payments through the agency, the agency may not consider direct payments made to the obligee or the obligee's custodian unless the obligor provides clear and convincing evidence of the payment.

CSED needs assistance from the court to reroute the payment of Mr. Carrick's veteran's disability benefits through the agency. The United States Code exempts Mr. Carrick's veteran's benefits from being attached, levied, or seized through any legal process. *See* 38 U.S.C. § 5301(a). Consequently, CSED cannot attach the veteran's benefits directly.

Unfortunately, CSED has failed to inform this court of the procedural steps by which the custodial parent in this case obtained the $100 monthly direct payments from the Department of Veteran's Affairs. More importantly, CSED has not apprised this court if there are existing procedures by which the veteran can redirect the monthly $100 payments to CSED or to himself for payments directly to CSED.

Prior to entering an order requiring William to redirect the payments, this court must be satisfied that he has the authority to do so. Based upon the record before us, we are unable to ascertain whether or not this is the case. Therefore, we decline to resolve the specific issue of redirection of the payments at this time.

With respect to the closely related issue of whether or not William should be credited for the $100 payments, we note only that in the event that William is not able to redirect the payments, we would be inclined to credit his obligation with these amounts. This result is compatible with *Miller v. Miller*, 890 P.2d 574, 576–77 (Alaska 1995), where we held that a noncustodial parent is entitled to credit against his support obligation for social security insurance benefits the child receives on the parent's behalf as part of the parent's retirement benefits.

Until such time as an adequate showing is made by CSED regarding the feasibility of redirecting the veteran's benefits, the $100 payments shall accordingly be credited against William's $460 per month current obligation.[9] We note, however, that AS 25.27.080(a) does entitle CSED to an order requiring that all payments made by William

personally be routed through the agency. The superior court's orders must be modified on remand to reflect this requirement.

## IV. *CONCLUSION*

This case is accordingly REMANDED to the superior court for modification of its support orders and for further proceedings not inconsistent with this opinion.

FABE, J., not participating.

---

9. AS 25.27.020(b) provides for recognition of direct payments from the obligor to the obligee even in the face of an order to make payments

through the agency, provided the obligor "provides clear and convincing evidence of the payment."