1999 OK CIV APP 20

**Denise D. DYE, Plaintiff/Appellee,**

v.

**Coleman E. WHITE,
Defendant/Appellant.**

No. 90,378.

Court of Civil Appeals of Oklahoma,
Division No. 3.

Jan. 15, 1999.

Rodney B. Sparkman, Department of Human Services, Tulsa, Oklahoma, For Plaintiff/Appellee.

Steven W. Vincent, Tulsa, Oklahoma, For Defendant/Appellant.

BUETTNER, Presiding Judge.

¶ 1   Defendant/Appellant Coleman E. White appeals from an order establishing paternity and awarding child support. White challenges the inclusion of his veterans' disability benefits in his gross income under the child support guidelines.   We will review a child support order to determine if it is just and equitable. *Thrash v. Thrash*, 1991 OK 32, 809 P.2d 665.   Whether income is properly included in gross income for purposes of computing child support is a question of law. *Thomas v. Thomas*, 1996 OK CIV APP 151, 932 P.2d 54.   Because we find no error of law, and the order is equitable and just, we affirm.

¶ 2   Plaintiff/Appellee Denise D. Dye, a resident of Virginia, filed a Uniform Support Petition in March 1995 for establishment of paternity and child support for L.M.D., born July 29, 1988.   The petition alleged that Dye and White were never married.   Dye attached the required affidavit alleging that White is the father of L.M.D.

¶ 3   White was given notice of the hearing to establish paternity and child support but did not appear.   A default judgment was entered against White August 14, 1996.   The order found that White is the natural father of L.M.D. The default judgment noted that DHS had insufficient information with which to complete the child support computation form.   The court therefore ordered White to pay $350 per month in child support as requested in Dye's petition.   The court also ordered White to pay $26,600 to reimburse Dye for child support from April 1990 through July 1996.

¶ 4   White filed a motion to vacate default judgment September 5, 1996.   Although no order vacating the judgment appears in the record, the trial court ordered a pre-trial conference for January 15, 1997.   The only issue before the trial court, and on appeal, is whether veteran's disability compensation for service-incurred injuries may be included in White's gross income for purposes of computing child support.   The parties briefed the issue for the trial court.   In its order filed

October 10, 1997, the trial court included White's veteran's disability pay in his gross income and ordered White to pay child support of $300.00 per month, as well as $12,591.00 for past child support. The order included the required child support guidelines computation form.

¶ 5 White alleges that the court erred in including his disability payments in computing the child support award. White's argument is based on 38 U.S.C. § 5301 which provides, in part:

> Payments of benefits due or to become due under any law administered by the [Veterans' Administration] Secretary shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary....

White submitted to the trial court a letter from the Veterans' Administration which explained the procedure for applying for an apportionment of benefits. Apportionment is essentially an assignment of a portion of the veteran's benefits to another beneficiary. Section 5301 limits the assignability of such benefits. The letter explained that the VA normally will not grant an apportionment if the veteran submits proof that he is paying child support regularly. However, an application for apportionment from the VA is not relevant to the trial court's decision to include White's veteran's disability benefits in his gross income for purposes of computing child support. This case does not involve how child support is collected, but rather how it is computed.

¶ 6 The child support guidelines are codified at 43 O.S.Supp.1997 § 118. Section 118(B)(2) provides that:

> Gross income includes income from any source, except as excluded in this act, and includes but is not limited to income from salaries, wages, commissions, bonuses, dividends, severance pay, pensions, rent, interest income, trust income, annuities, social security benefits, workers' compensation benefits, unemployment insurance benefits, disability insurance benefits, gifts and prizes. Specifically excluded are actual child support received for children not before the court and benefits received from means-tested public assistance programs, including but not limited to Temporary Assistance for Needy Families (TANF), Supplemental Security Income (SSI), Food Stamps, General Assistance and State Supplemental Payments for Aged, Blind and the Disabled;

DHS argues that because veterans' disability benefits are not specifically excluded from the definition of gross income, the court did not err in including the benefits.

¶ 7 The United States Supreme Court has held that state statutes which require veterans' disability benefits to be included in child support computations are not preempted by federal law.[1] *Rose v. Rose*, 481

---

1. Although White cites several cases from other states purporting to support his argument, we note that each of the cases cited by White address the issue of veterans disability payments being included in marital property for purposes of property division. See *West v. West*, 736 S.W.2d 31 (Ky.App.1987); *In re Marriage of Costo*, 156 Cal.App.3d 781, 203 Cal.Rptr. 85 (1984), holding questioned by *In re Marriage of Babauta*, 66 Cal.App.4th 784, 78 Cal.Rptr.2d 281 (1998); *Ramsey v. Ramsey*, 474 S.W.2d 939 (Tex.App. 1971); *Rickman v. Rickman*, 124 Ariz. 507, 605 P.2d 909 (App.1980). The issue in this case, however, is whether veterans disability payments may be included in gross income for calculating child support. We have not found cases or statutes from other states which disagree with the holding in Rose. Several state courts have held that gross income for purposes of computing child support includes veterans disability benefits. See *Russack v. Russack*, 1998 WL 666948 (Conn.Superior Ct.); *In re Marriage of O'Connor*, 584 N.W.2d 575 (Iowa App.1998); *Hoang v. Brackman*, 689 N.E.2d 456 (Ind.App.1997) (veterans disability payments analogized to disability insurance benefits and included in gross income for child support); and *State v. Carrick*, 923 P.2d 803 (Alaska1996). Several states expressly include veterans disability benefits in the statutory definition of gross income for purposes of computing child support. See *Loving v. Sterling*, 680 A.2d 1030 (D.C.App.1996); *Frazer v. Frazer*, 23 Va.App. 358, 477 S.E.2d 290 (1996); *Noble v. Fisher*, 126 Idaho 885, 894 P.2d 118 (1994); *Fletcher v. Fletcher*, 573 So.2d 941 (Fla.App. 1991); *In re Marriage of Fain*, 794 P.2d 1086 (Colo.App.1990); Ohio Revised Code § 3113.215; and Washington Code § 26.19.045.

U.S. 619, 107 S.Ct. 2029, 95 L.Ed.2d 599 (1987). In Rose, the Supreme Court held that an apportionment statute (38 U.S.C. § 3107(a)(2)) which gave the Veterans' Administration discretion to apportion benefits for a veteran's children did not preempt state child support statutes. We agree with DHS that the benefits at issue in this case are not specifically excluded under the statute. In addition, we find that the Rose case defeats White's argument regarding the apportionment statute. Because we find no error of law in including the veterans' disability benefits in White's gross income, and because the child support order is just and equitable, we AFFIRM.

GARRETT, J., and JOPLIN, J., concur.

