2002 OK CIV APP 64

**Lissa J. NERO, Plaintiff/Appellee,**

v.

**Scotty H. NERO, Defendant/Appellant.**

**No. 95,465.**

Court of Civil Appeals of Oklahoma, Division No. 1.

April 26, 2002.

Larry E. Goins, Oklahoma City, OK, for Appellant.

Jerry Kite, Oklahoma City, OK, for Appellee.

LARRY JOPLIN, Vice–Chief Judge.

¶ 1 Defendant/Appellant Scotty H. Nero (Husband) seeks review of the trial court's orders denying reconsideration of his motion to modify, by which he sought an adjustment to his child support obligation and specific visitation, and granting attorney's fees to Plaintiff/Appellee Lissa J. Nero (Wife). In this proceeding, Husband challenges the trial court's orders as affected by errors of both fact and law. Having reviewed the record, however, we find no errors as alleged and hold the order of the trial court should be affirmed.

¶ 2 From the record before us, it appears that Husband and Wife separated sometime in 1991 or 1992, and Wife, an Australian national accompanied by the parties' four children, moved to Australia. In 1996, Wife commenced the instant action for divorce in Oklahoma. In 1997, recognizing Australia as the proper jurisdiction to determine the issues of custody and visitation, the trial court—with agreement of the parties—dismissed those parts of Mother's petition.

¶ 3 In June 1998, the trial court entered a decree of divorce, setting Husband's child support obligation. Husband filed a motion for new trial, challenging the trial court's imputation of (minimum wage) income to Wife in setting child support. After a hearing in early March 1999, the trial court vacated that part of the decree of divorce setting child support, and directed preparation of a journal entry of judgment.

¶ 4 Within ten days, however, Wife filed a "Motion to Reconsider Child Support Order," asserting a miscalculation of Husband's gross income (i.e., without consideration of his social security disability and veterans' benefits) on his motion for new trial, and consequent entitlement to additional child support from Husband pursuant to the statutory child support guidelines. *See, Nazworth v. Nazworth,* 1996 OK CIV APP 134, 931 P.2d 86. Husband filed a motion to settle journal entry. After a hearing on the motion to settle in September 1999, the trial court recalculated Husband's child support obligation, and the journal entry of judgment was filed in January 2000.

¶ 5 In April 2000, Husband filed a motion to modify his child support obligation and to establish visitation. In May 2000, Wife filed her response, seeking denial of Husband's requested relief and an award of attorney's fees.[1] In June 2000, Husband filed his "Affidavit Requesting Relief in Equity and Good Conscience," setting forth legal and equitable grounds for modification of his child support obligation, including a material change in the parties' respective incomes, his declining health, a change in the currency exchange rate, and the imposition of an additional child support obligation on him for an after-born child.

¶ 6 The various matters came on for hearing on August 9, 2000. The trial court denied Husband's motions to vacate or modify, and granted Wife judgment for Husband's unpaid child support arrearage.[2] The trial court further ordered the parties to negotiate an agreement for Husband's payment of the adjudicated arrearage.

¶ 7 The parties could not agree, and on August 16, 2000, Wife filed her motion to determine payments on the arrearage, to settle the journal entry, and to assess attorney's fees against Husband. On August 23, 2000, Husband responded, stating his agreement to honor the trial court's ruling regarding computation of child support and arrearage; offering to pay $75.00 per month towards the judgment for arrearage; asserting that all issues had been previously deter-

---

1. The record suggests Wife also cited Husband for contempt for nonpayment of child support.

2. The trial court also denied Wife's application for contempt citation.

mined[3]; and seeking denial of Wife's prayer for attorney fees.

¶ 8 On September 5, 2000, Husband filed a "supplemental" response to Mother's August 2000 motion, again agreeing to abide by the trial court's previous orders setting his child support and determining the arrearage, and restating his offer to pay $75.00 per month towards the arrearage.[4] On that date, Husband also made a $20.00 deposit of court reporter's fees.

¶ 9 On September 14, 2000, after an unreported hearing, the trial court entered the order which is the subject of this appeal. By that order, the trial court (1) found the matters raised by Husband had been heard on the merits August 9, 2000, (2) "denied in toto" Husband's "motion to modify divorce decree, vacate order of September 2, 1999, modify child support and to establish visitation," and (3) specifically left the September 2, 1999 child support order in full force and effect. The trial court further ordered Husband to pay $100.00 per month on the judgment for arrearage, and awarded Mother attorney's fees of $1,000.00, payable at $100.00 per month.

■ ¶ 10 In his first proposition, Husband complains the trial court erred in refusing his request for a court reporter to record the September 14, 2000 hearing. In this respect, however, the record contains no specific request or demand for a court reporter at the September 14 hearing, nor an objection to further proceedings on September 14 absent a court reporter.[5] See, 20 O.S. 106.4 (a) ("A trial or proceedings may proceed without the necessity of a court reporter being present, unless there is objection by a party or counsel"); *Weeks v. Wedgewood Village, Inc.*, 1976 OK 72, ¶ 10, 554 P.2d 780, 784 ("Appellant may not ... fail to request that the proceedings be transcribed and then allege denial of due process.")

¶ 11 Moreover, although the trial court's docket sheet indeed reflects Husband's payment of a $20.00 deposit toward "court reporter fees" on September 5, 2000, we find no indication in the record which of the various proceedings—either had or to be had—Husband wanted a court reporter to transcribe, i.e., whether of the hearing in March 1999 on Husband's motion for new trial, the hearing in September 1999 on the motion to settle, the August 2000 hearing on Husband's motion to modify and Wife's motion to reduce arrearage to judgment, or the September 2000 hearing on Wife's motions to set Husband's payments on the adjudicated arrearage and to assess attorney's fees. In this respect, the record on appeal includes a transcript of the August 2000 proceeding, designated for inclusion by Husband, supporting at least an inference that it was indeed the August 2000 hearing Husband wanted transcribed for use at the September 14 hearing and on appeal. Under these circumstances, we find no error by the trial court as alleged in this proposition of error.

■ ¶ 12 In his second proposition, Husband complains the trial court impermissibly, and without explanation, deviated from the statutory guidelines in setting his child support obligation, i.e., calculated "per child, per

3. Particularly, Husband averred:

> [Husband] has sought and received equity. He will do what is equitable and just. Hence, there is no reason for this court to reconsider its recent ruling.... Res Judicata is applicable. There exists no issue in dispute. Parties agree to abide by this Court's recent ruling. Parties need only sign the journal entry prior to [the scheduled hearing date.]

4. Husband also attached approximately 20 pages of exhibits, including one or more narrative statements challenging the computation of his child support obligation, miscalculation of the parties' respective incomes, and the rate of exchange between Australian and the United States dollars; Husband also again raised the issues of Wife's alleged culpability/fault in moving to Australia with the children, his failing health, and specific visitation.

5. In support of this proposition, Husband attaches to his Reply Brief a copy of his verified complaint to the Council of Judicial Complaints, attesting to his objection to further proceedings on September 14 absent a court reporter, and to the trial court's proceedings on the merits over his objection, in alleged violation of the Code of Judicial Conduct. However, inasmuch as that exhibit appears nowhere in the appellate record, we may not consider it here. See, Rule 1.11(i), Rules of the Supreme Court, 12 O.S., Ch. 15, App.; *Chamberlin v. Chamberlin*, 1986 OK 30, ¶ 7, 720 P.2d 721, 723–724; *Eckel v. Adair*, 1984 OK 86, ¶ 7, 698 P.2d 921, 925.

month," rather than according to the statutory table for "four children." 43 O.S. 118 (B)[6]; 43 O.S. 119 (A) (table). In his fourth proposition, Husband asserts the trial court erred in calculating his child support obligation by including in his gross income his veterans and social security disability benefits, *Nazworth* notwithstanding.

¶ 13 *Nazworth* teaches: (1) a child support obligor's social security benefits payable directly to the obligor's children should be included in the obligor's gross income when calculating child support; (2) "[b]ecause each child separately receives a social security benefit, the support obligation should be computed separately for each child," rather than pursuant to the multi-child amounts dictated by the statutory child support table, 43 O.S. 119 (A); but (3) the amount of obligor's calculated child support is reduced by the social security benefits received by each child. 1996 OK CIV APP 134, ¶¶ 9–12, 931 P.2d at 89. *See also, Wilson v. Stenwall*, 1992 OK CIV APP 34, 868 P.2d 1317. Further, veterans' disability compensation for service-incurred injuries is properly included in gross income when computing child support. *Dye v. White*, 1999 OK CIV APP 20, ¶ 7, 976 P.2d 1086, 1087–1088.

¶ 14 In the present case, the trial court calculated Husband's child support obligation in accord with the teachings of *Nazworth* and *Dye*, and Husband presents us with no good reason to depart from those authorities. We consequently reject these propositions of error.

¶ 15 In his third proposition, Husband complains the trial court erred in setting his child support obligation without adjustment to his gross income for payments he had been ordered to make as support for a fifth child, born to another woman during his marriage to Wife. 43 O.S. 118 (E)(5).[7] In this respect, the trial court reasoned that any reduction of Husband's child support obligation in the present case on account of his child support obligation for his fifth, later-born child was absolutely proscribed by 43 O.S. 118 (E)(20).[8]

¶ 16 On our review of the record, we find no evidence of other child support "actually paid" as required by § 118(E)(5). Further, under the facts and circumstances of the present case, any adjustment to Husband's gross income for child support to his fifth, later-born child results in a reduction of Husband's child support obligation to his four, prior children, and arguably violates the spirit, if not the letter, of § 118(E)(20). We therefore reject this proposition.

¶ 17 In his fifth proposition, Husband challenges as inequitable the trial court's calculation of child support in U.S. dollars rather than Australian dollars. Here, Husband argues the (depressed) exchange rate for Australian dollars[9] resulted in artificially depressed income imputed to Wife, and artificially increased his proportionate share of child support calculated in U.S. dollars.

¶ 18 The statutory child support guidelines do not address this issue. Father concedes the matter is addressed to the trial court's discretion. The record reflects the trial court in its original decree utilized an exchange rate to which the parties agreed. Given the trial court's calculation of child support uniformly based on U.S. dollars, we find no error as alleged.

---

6. "The district or administrative court may deviate from the amount of child support indicated by the child support guidelines if the amount of support so indicated is unjust, inequitable, unreasonable, or inappropriate under the circumstances, or not in the best interests of any child involved. If the district or administrative court deviates from the amount of child support indicated by the child support guidelines, the court shall make specific findings of fact supporting such action."

7. "The amount of any preexisting district or administrative court order for current child support for children not before the court or for support alimony arising in a prior case shall be deducted from gross income to the extent payment is actually made under the order[.]"

8. "Child support orders issued for prior-born children of the payor may not be modified for the purpose of providing support for later-born children[.]"

9. The record contains evidence of the April and May 1999 exchange rates of between $1.55–1.57(Australian) to $1.00(US).

¶ 19 Finally, Husband challenges the trial court's award of attorney's fees to Wife absent an evidentiary hearing or verified affidavit of opposing counsel setting forth the basis for an award. See, 12 O.S. Supp.1997 § 696.4 (B).[10] In this respect, Oklahoma law specifically permits an award of attorney's fees in post-judgment modification proceedings, as the trial court, in the exercise of its discretion and the "judicial balancing of the equities," deems proper. 43 O.S. Supp.1997–110 (D)[11]; *Abbott v. Abbott,* 2001 OK 31, ¶ 11, 25 P.3d 291, 294. Further, by his response to Wife's application in the present case, Husband objected to an award of fees to Wife only as inequitable. The trial court had before it extensive evidence concerning the parties' respective means, and absent a timely objection to the claimed rate of compensation, or amount of the claimed attorney's fees, we cannot say the trial court abused its discretion in awarding Wife attorney's fees based on the unverified statement of her counsel.

¶ 20 The order of the trial court is therefore AFFIRMED. Wife's prayer for an award of appellate attorney's fees is GRANTED, and the cause REMANDED for a determination thereof.

¶ 21 BUETTNER, J., concurs.

¶ 22 JONES, J., dissents.

JONES, J., dissents:

¶ 1 In my humble opinion, veteran's disability compensation *cannot* be considered income for purposes of calculating child support. Although *Dye v. White,* 1999 OK CIV APP 20, 976 P.2d 1086 flatly states such compensation is properly included in gross income when calculating child support, that opinion is the solitary pronouncement on the subject in Oklahoma jurisprudence. My brethren in the third division are in error in my opinion, and until instructed to do so by the court of last resort in Oklahoma jurisprudence, I will recede from that pronouncement.

¶ 2 Military disability payments are designated to compensate a former serviceman or woman for permanent injuries inflicted while the officer or enlisted person is serving his country. It is compensation for presumably permanent partial or total loss of bodily function received in the armed services. In no way is it income in the ordinary sense. It is not enough that a totally disabled veteran share his social security income with his children? The jurisprudence of this state need not leave veterans so destitute. They deserve better.

10. "If attorney's fees, costs or interest have not been included in the judgment, decree or appealable order, a party seeking any of these items must file an application with the court clerk along with the proof of service of the application on all affected parties .... The application must set forth the amount requested and include information which supports that amount....."

11. "The court may in its discretion make additional orders relative to the expenses of any such subsequent actions, including but not limited to writs of habeas corpus, brought by the parties or their attorneys, for the enforcement or modification of any interlocutory or final orders in the divorce action made for the benefit of either party or their respective attorneys."