2004 OK CIV APP 16

**Carmel Teresa Maria AMEEN, Plaintiff/Appellant,**

v.

**William Richard AMEEN, Defendant/Appellee.**

**No. 98,601.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Nov. 21, 2003.

Certiorari Denied Feb. 2, 2004.

---

Matthew P. Gomez, Amanda M. Folsom, Tulsa, OK, for Plaintiff/Appellant.

Marshall K. Dyer, Broken Arrow, OK, for Defendant/Appellee.

**KENNETH L. BUETTNER, Judge.**

¶ 1 On appeal from the decision of the Department of Human Services, the District Court held that William Richard Ameen (Father) should be given credit against his gross income for the court ordered child support for a later-born child where Carmel Ameen, Mother, sought to increase his support obligation for his first born. We affirm.

¶ 2 Pursuant to 56 O.S.2001 § 240.3, appeals from final administrative child support orders are governed by the Oklahoma Administrative Procedures Act, 75 O.S.2001 § 318 et seq. Although a reviewing court affords great deference to agency expertise and opinions, 75 O.S, 2001 § 318(d) permits the appellate court to set aside, modify, or reverse and remand the decision if it is "affected by other error of law."

¶ 3 The parties agree to these facts.[1] They were divorced in 1989 and Mother was granted custody of the minor child born June 9, 1987. Father was ordered to pay $335.23 per month for child support. An agreed modification decree was entered in 1996 adjusting the child support obligation to $293.14 per month. Both support obligations were calculated using the Oklahoma Child Support Guidelines. After the divorce, Father entered another marriage and had another child. That marriage ended in divorce and on March 9, 2000, a child support obligation in the amount of $513.12 was entered for the later-born child. Mother sought help from the Oklahoma Department of Human Services (DHS) because of unpaid child support. On January 9, 2002, an administrative hearing on the Motion to Modify Child Support was held.[2] Father stipulated that he was current on his support obligations for his second child. The ALJ found as a matter of law that Father was not entitled to receive credit against his gross monthly income paid

---

1. The record is minimal for review purposes. Some of the information, such as the divorce decrees and the information they contained, is stipulated and admitted by the parties in their briefs. See *Reeves v. Agee,* 1989 OK 25, 769 P.2d 745.

2. DHS may modify child support orders in accordance with the Child Support Guidelines pursuant to 56 O.S.2001 § 240.1(A)(a)(4).

on behalf of his second child for the purpose of calculating a revised child support obligation for his first child.[3] On appeal, the District Court reversed, holding that Father was entitled to a credit under 43 O.S. Supp. 2000 § 118(E)(5).

¶4 Title 43 O.S. Supp.2000 § 118(E)(5)[4] provides:

> The amount of any preexisting district or administrative court order for current child support for children not before the court or for support alimony arising in a prior case shall be deducted from gross income to the extent payment is actually made under the order; . . . .

■ ¶5 The question is whether Father is entitled to a credit under § 118(E)(5). Mother argues that the first child support order should never be affected by after-born children and subsequent child support orders. She relies on *Nero v. Nero,* 2002 OK CIV APP 64, 48 P.3d 127 and 43 O.S. Supp. 2002 § 118(E)(20). Section 118(E)(20) provides:

> Child support orders issued for prior-born children of the payor may not be modified for the purpose of providing support for later-born children; . . . .

¶6 This section was applied in *Nero* where the father sought to modify a child support order for four children based upon a subsequent child support order for an after-born child. The court held at ¶16, p. 130:

> Further, under the facts and circumstances of the present case, any adjustment to Husband's gross income for child support to his fifth, later-born child results in a reduction of Husband's child support obligation to his four, prior children, and arguably, violates the spirit, if not the letter, of § 118(E)(20). We therefore reject this proposition.

■ ¶7 We certainly believe that these two provisions may be read in harmony. Child support orders may not be modified solely because of after-born children. However, when one of the parties seeks to modify a prior order, the trial court must consider all of the facts and circumstances in existence at the time of the requested modification. If the payor party has incurred and is paying additional child support obligations, then § 118(E)(5) requires that they be considered. Likewise, if either parent has incurred additional support obligations for "natural, legal, or legally adopted minor children in the custody of the parent," then that fact should also be considered under § 118(C). To hold otherwise would suggest that the Legislature intended that the first child(ren) to receive a child support order should forever be treated as the only child(ren) of the payor parent, to the detriment of after-born children. This would be at odds with the normal rules for modification of support orders and unnecessary under the clear language of § 118.

¶8 We AFFIRM the order of the District Court allowing Father a credit under § 118(E)(5).

ADAMS, P.J., concurs in result, and JOPLIN, C.J., concurs.

---

**3.** The ALJ raised Father's monthly obligation to $576.74.

**4.** The later amendments do not change the wording or numbering of § 118(5).