COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Malveaux and Senior Judge Annunziata
Argued at Alexandria, Virginia

ADEL ELIAS ALWAN

v.        Record No. 1711-18-4

AYLIN TUNC ALWAN, N/K/A
 AYLIN TUNC

OPINION BY
JUDGE ROSEMARIE ANNUNZIATA
JULY 23, 2019

FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Jeanette A. Irby, Judge

Carson J. Tucker (William D. Wilkinson; Katherine Martell;
LexFori, PLLC; First Point Law Group, P.C., on briefs), for
appellant.

Walter C. Jacob for appellee.

PUBLISHED

Appellant, Adel Elias Alwan (father), invokes the United States Supremacy Clause and

federal pre-emption doctrine to appeal the circuit court's findings that his "veterans' disability

benefits could be considered in the calculation of his child support obligations" and the award of

attorney's fees made to Aylin Tunc Alwan (mother).  We find no error and affirm the decision of

the circuit court.

BACKGROUND

The parties married in February 2010, and two children were born of the marriage.  On

June 2, 2017, the circuit court entered a final decree of divorce, awarding mother sole legal and

physical custody of the minor children and establishing a visitation schedule for father.  The

circuit court ordered father to pay spousal support and child support to mother.

In late 2017 and early 2018, the parties filed several motions regarding visitation, child

care, support, and other related matters, as well as a petition for rule to show cause.  On March

23, 2018, each party filed motions regarding support. Father filed *pro se* a motion to modify child support and spousal support, stating he had served in the military from July 23, 2007, through July 22, 2011, and was found to be totally and permanently disabled, not due solely to his service-connected disabilities, however. Mother filed a motion to increase spousal and child support, alleging father earned more income since the entry of the final decree of divorce and his debts had been discharged in bankruptcy. Mother also sought an award of attorney's fees.

On August 31, 2018, the parties appeared before the circuit court to be heard on the competing motions to modify visitation and support. After hearing father's evidence, the circuit court granted mother's motion to strike the custody matters but amended father's visitation to reflect his new work schedule. Then, the circuit court heard evidence regarding support.

Father testified that he had worked for a company overseas for 105 days and earned approximately $50,000 since the entry of the final decree of divorce. At the time of the hearing, father worked for a different company and earned $52,000 per year. In addition, father clarified that he was not eligible for military retirement, but as of March 5, 2018, father received $3,627.58 per month in veterans' disability benefits, which he contended should not be included in his income to calculate his child and spousal support obligations. Father had no debts since he had filed for bankruptcy and his outstanding debts had been discharged. Thus, his financial obligations only included rent, a car payment, support arrearages, and payments on a prior award of attorney's fees.

Mother testified that at the time of the hearing, she was not working and lived in her parents' basement with her children. Every other week, she received a $250 check from her parents' hair salon to help with her expenses. She stated her parents took out a loan for her attorney's fees, and she reimbursed them when she had funds available. Mother confirmed that from January 4, 2018, through August 28, 2018, her attorney's fees and costs totaled $30,731.40.

After closing arguments, the circuit court found that father received veterans' disability payments and "rejected as meritless" father's argument that his veterans' disability benefits could not be considered income for child support purposes. Based on the evidence, the circuit court increased father's child support obligation, but did not modify spousal support. In using father's disability benefits to determine his support obligations, the circuit court did not direct father to use those benefits to pay his support obligations and stated that father was "free to use whatever funds he chose[] to pay for his support obligations."

The circuit court further ordered father to pay $20,331.40 toward mother's attorney's fees and costs, noting the extensive amount of research that was necessary to address father's arguments, on the ground they proved to be without merit and in light of "the amount of money that [mother] had to spend on the issue." The circuit court did not consider father's veterans' disability payments in determining his ability to pay attorney's fees, but weighed father's lack of debt and his refusal to pay the children's medical expenses against his decision to purchase an engagement ring for his fiancée. The circuit court again advised father that he could use "whatever source of funds [he] want[ed] to use to pay [his] obligations."

On October 5, 2018, the circuit court entered a final order memorializing its rulings. This appeal followed.

ANALYSIS

*I. Child Support*

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Tidwell v. Late, 67 Va. App. 668, 673 (2017) (quoting Niblett v. Niblett, 65 Va. App. 616, 622 (2015)).

Under Virginia law, "veterans' benefits" are a source of income to be considered by the trial court to calculate gross income for child support purposes. Code § 20-108.2(C) includes veterans' benefits in its definition of gross income:

> all income from all sources, and shall include, but not be limited to, income from salaries, wages, commissions, royalties, bonuses, dividends, severance pay, pensions, interest, trust income, annuities, capital gains, social security benefits except as listed below, workers' compensation benefits, unemployment insurance benefits, disability insurance benefits, *veterans' benefits*, spousal support, rental income, gifts, prizes or awards.

(Emphasis added).

"Statutory child support guidelines were designed 'to assure that both the child's needs and the parent's ability to pay are considered in determining the amount of support awards.'" Milam v. Milam, 65 Va. App. 439, 453 (2015) (quoting Oley v. Branch, 63 Va. App. 681, 689 (2014)). "Child support awards are thus crafted for the child's benefit, not for the purpose of granting a parent relief." Id.; see also Stiles v. Stiles, 48 Va. App. 449, 456 (2006) ("The court's paramount concern when awarding child support is the best interest of the children.").

In support of father's arguments on appeal that his veterans' disability benefits cannot be considered under principles of pre-emption to determine child support under state law, he cites the United States Supreme Court decision in Howell v. Howell, 137 S. Ct. 1400 (2017).[1] In

---

[1] The federal government "has long provided . . . disabled members of the Armed Forces with disability benefits." Howell, 137 S. Ct. at 1402-03. However, in a prior case heard in 1981, the United States Supreme Court held a state could not consider military retirement pay as a form of community property and could not divide it in divorce proceedings. McCarty v. McCarty, 453 U.S. 210 (1981). With the passage of the Uniformed Services Former Spouses' Protection Act, 10 U.S.C. § 1408, the following year, the states could treat veterans' "disposable retired pay" as community property that could be divided upon divorce, but the Act excluded disability benefits from "disposable retired pay." Howell, 137 S. Ct. at 1403. The United States Supreme Court subsequently addressed the issue again and found that the Uniformed Services Former Spouses' Protection Act "did not 'gran[t]' the States 'the authority to treat total retired pay as community property.'" Id. at 1404 (quoting Mansell v. Mansell, 490 U.S. 581, 589 (1989)). "Congress excluded from its grant of authority the disability-related waived portion of military retirement

Howell, the United States Supreme Court held that states could not divide military disability benefits as property in a divorce. Id. at 1405-06. We find the decision in Howell is not determinative, as it said nothing about the propriety of a state court's consideration of military disability benefits as a source of funds in making a child support award.

The United States Supreme Court recently addressed the issue of pre-emption and emphasized that the courts "are hardly free to extend a federal statute to a sphere Congress was well aware of but chose to leave alone. In this, as in any field of statutory interpretation, it is our duty to respect not only what Congress wrote but, as importantly, what it didn't write." Virginia Uranium, Inc. v. Warren, 139 S. Ct. 1894, 1900 (2019).

Whether federal law pre-empts state law is a question of law reviewed *de novo* by this Court. Maretta v. Hillman, 283 Va. 34, 40 (2012), aff'd, 569 U.S. 483 (2013). "The preemption of state laws represents 'a serious intrusion into state sovereignty.'" Virginia Uranium, Inc., 139 S. Ct. at 1904 (quoting Medtronic, Inc. v. Lohr, 518 U.S. 470, 488 (1996) (plurality opinion)). Traditionally, "domestic relations is . . . the domain of state law." Hillman v. Maretta, 569 U.S. 483, 490 (2013). "There is therefore a 'presumption against pre-emption' of state laws governing domestic relations . . . ." Id. (quoting Egelhoff v. Egelhoff, 532 U.S. 141, 151 (2001)). "[F]amily and family-property law must do 'major damage' to 'clear and substantial' federal interests before the Supremacy Clause will demand that state law will be overridden." Id. at 490-91 (quoting Hisquierdo v. Hisquierdo, 439 U.S. 572, 581 (1979)). "But family law is not entirely insulated from conflict pre-emption principles, and so we have recognized that state laws 'governing the economic aspects of domestic relations . . . must give way to clearly conflicting federal enactments." Id. at 491 (quoting Ridgway v. Ridgway, 454 U.S. 46, 55 (1981)).

---

pay." Id. Father relies on this language to support his arguments that the circuit court erred by considering his veterans' disability benefits as income to determine his child support obligation.

Applying these principles in a case that preceded the 2017 Howell decision, the United States Supreme Court addressed expressly whether veterans' disability benefits could be considered by state courts as "income" for purposes of calculating support. Rose v. Rose, 481 U.S. 619 (1987). Appellant Charlie Wayne Rose, a totally disabled veteran of the Vietnam War, had income composed entirely of benefits received from the Veterans' and Social Security Administrations. Id. at 622. The Circuit Court for Washington County, Tennessee considered those benefits to calculate Rose's child support obligations under Tenn. Code Ann. § 36-5-101(e)(3) (1984) (formerly Tenn. Code Ann. § 36-820 (1977)). Id.

When Rose was held in contempt for failure to pay his support obligation, he argued that 38 U.S.C. § 3101(a), which provided that veterans' benefits could not be subject to attachment, levy, or seizure, pre-empted a state court's jurisdiction over veterans' disability benefits and a state court's ability to enforce child support obligations. Id. at 630. Rose reasoned that only the Veterans' Administration could order him to pay child support with his disability benefits and that the state had no jurisdiction over those benefits. Id. at 623. Rose also cited 42 U.S.C. § 659(a) to argue that it "embodies Congress' intent that veterans' disability benefits not be subject to *any* legal process aimed at diverting funds for child support, including a state-court contempt proceeding of the sort invoked in this case." Id. at 635.

The United States Supreme Court disagreed with Rose's contentions. "Neither the Veterans' Benefits provisions of Title 38[2] nor the garnishment provisions of the Child Support

---

[2] Rose relied on 38 U.S.C § 3107(a)(2) and 38 U.S.C § 3101(a) to support his arguments. 38 U.S.C. § 3107(a)(2) "gives the Administrator of Veterans' Affairs discretionary authority to apportion disability compensation on behalf of a veteran's children." Rose, 481 U.S. at 626. The Court in Rose rejected appellant's argument that this statutory grant of authority was exclusive to the Administrator and that it deprived the state courts of jurisdiction to consider a veteran's disability benefits in calculating child support. Id. at 626-28. "In none of these provisions is there an express indication that the Administrator possesses exclusive authority to order payment of disability benefits as child support." Id. at 627. "Nor is it clear that Congress envisioned the Administrator making independent child support determinations in conflict with

- 6 -

Enforcement Act of Title 42[3] indicate unequivocally that a veteran's disability benefits are provided *solely* for that veteran's support." Id. at 636 (emphasis added). The United States Supreme Court determined that Congress intended veterans' disability benefits "to 'provide reasonable and adequate compensation for disabled veterans *and their families,*'" id. at 630 (quoting S. Rep. No. 98-604, p. 24 (1984)) (emphasis in original), and that veterans' disability benefits were "to be *used*, in part, for the support of veterans' dependents," id. at 631 (emphasis added). Accordingly, the United States Supreme Court found that Tennessee Code § 36-820, pursuant to which Rose's veterans' disability benefits were considered to determine his child support obligation, was not pre-empted by federal law. Id. at 636.

---

existing state-court orders. The statute gives no hint that exercise of the Administrator's discretion may have this effect." Id.

> Given the traditional authority of state courts over the issue of child support, their unparalleled familiarity with local economic factors affecting divorced parents and children, and their experience in applying state statutes such as Tennessee's former § 36-820 that do contain detailed support guidelines and established procedures for allocating resources following divorce, we conclude that Congress would surely have been more explicit had it intended the Administrator's apportionment power to displace a state court's power to enforce an order of child support.

Id. at 628.

The Supreme Court also rejected Rose's contention that, because 38 U.S.C. § 3101(a) exempted veterans' disability benefits from being attached, levied, or seized, it "protect[ed] a veteran's disability benefits from seizure where the veteran invokes that provision to avoid an otherwise valid order of child support." Id. at 634.

[3] The United States Supreme Court clarified that the Child Support Enforcement Act was "designed to facilitate garnishment of federal funds where the intended recipient has failed to satisfy a legal obligation of child support," Rose, 481 U.S. at 634 and, specifically, found that while 42 U.S.C. § 659(a) excluded veterans' disability payments from garnishment or attachment when the funds were "in the hands of the Administrator, . . . once these funds [were] delivered to the veteran," the state court could require that the veteran use them to satisfy a child support order. Id. at 635.

The analysis in Rose has been accepted and applied in numerous state courts that have addressed the issue, including this Court in its 1990 decision in Lambert v. Lambert, 10 Va. App. 623 (1990). We held that Congress and the United States Supreme Court had excluded veterans' disability benefits from equitable distribution. Id. at 627. However, we further concluded that the value of the veterans' disability benefits "may be considered as a source of income of the disabled spouse in awarding spousal support or child support" and reversed the trial court on the ground it had failed to consider that income in determining its award of spousal support. Id. at 627-28. This Court found that veterans' disability benefits were "properly considered as income for purposes of determining both spousal and child support." Id. at 629. See also Goldman v. Goldman, 197 So. 3d 487, 493-94 (Ala. Civ. App. 2015); Belue v. Belue, 828 S.W.2d 855, 857 (Ark. App. 1992); Loving v. Sterling, 680 A.2d 1030, 1032 (D.C. 1996); In re Marriage of Lee, 486 N.W.2d 302, 305 (Iowa 1992); Casey v. Casey, 948 N.E.2d 892, 902 (Mass. App. Ct. 2011); and Nero v. Nero, 48 P.3d 127, 130 (Okla. Civ. App. 2002).

Furthermore, even after the United States Supreme Court released its ruling in Howell in 2017, the holding in Rose remained viable as evidenced by several state courts confirming that veterans' disability benefits could be considered as income for child support purposes. See, e.g., Lesh v Lesh, 809 S.E.2d 890, 899 (N.C. Ct. App. 2018) ("Nothing in Howell alters the holding in Rose that military disability benefits are not required to be excluded from the definition of income for purposes of calculating the resources a party can draw upon to fulfill child support obligations."). Likewise, courts in Alabama and New York have held that veterans' disability benefits could be considered as income for child support obligations. See Holmes v. Alabama Dep't of Human Resources, __ So. 3d __ (Ala. Civ. App. Oct. 5, 2018); Nieves v. Iacono, 162 A.D.3d 669 (N.Y. App. Div. 2018).

Indeed, in this appeal, father acknowledges that "since <u>Rose</u>, . . . most, if not all[,] state courts have construed it as a blanket allowance to include <u>all</u> veterans' disability pay as income for consideration in calculating a veteran's support obligations in state court family law proceedings." However, he challenges those decisions and contends that <u>Rose</u> and its progeny, including <u>Lambert</u>, do not apply here. As he argued in the trial court, father cites certain federal statutes to counter the viability and reach of the <u>Rose</u> decision. However, the statutes he cites are essentially the same statutes that were rejected as controlling in <u>Rose</u>.[4] Therefore, we disagree with father's argument that veterans' disability benefits should be excluded from income calculations when determining support obligations based on the referenced federal statutes.

We further disagree with his contention that the decision in <u>Howell</u> requires his veterans' disability benefits be excluded from the definition of income for purposes of calculating a parent's child support obligation. <u>Howell</u> addressed the treatment and division of military disability benefits as "property" in divorce, not as income used to support a veteran's dependents. <u>Howell</u>, 137 S. Ct. at 1403-06. The United States Supreme Court stated that it "need not and . . . [will] not decide" how a state court can "take account of the contingency that some military retirement pay might be waived, or . . . take account of reductions in value when it

---

[4] In addition to 38 U.S.C. § 3101, 38 U.S.C. § 5301, and 42 U.S.C. § 659, father relied on 10 U.S.C. § 1408 to support his argument, and although 10 U.S.C § 1408 was not argued in <u>Rose</u>, we find that it does not support his argument that his veterans' disability benefits cannot be considered by the state court to calculate child support. Father claims that under 10 U.S.C. § 1408 a portion of veterans' disability pay can be counted towards a veteran's child support obligation *only* if the veteran is also a retiree, and waives retirement pay to receive disability pay. <u>See</u> 10 U.S.C. §§ 1408(a)(2), (d)(1) and 42 U.S.C. §§ 659(h)(1)(A)(V)(ii) and (h)(1)(B)(iii). That amount of disability pay that replaces the waived retired pay is still considered remuneration for employment, i.e., income, and may therefore be considered as "income" for purposes of a veteran's support obligations. However, father contends that because he is not a retired servicemember and is therefore not entitled to, nor is he a recipient of, military retired pay that he may then waive to receive his disability pay, his disability benefits cannot be considered income to determine child support under this statute. He cites no legal support for this contention, and we have found none.

calculates or recalculates the need for spousal support." Id. at 1406. Howell did not address the calculation of a veteran's income for child support purposes.

Accordingly, based on the United States Supreme Court's decision in Rose and this Court's decision in Lambert, we find the circuit court did not err in finding father's reliance on the cited federal statutes was "wholly misplaced" as they do not state that veterans' disability benefits could not be considered as income for support purposes. We further find the circuit court did not err in following the direction of Code § 20-108.2(C) to calculate father's gross income based on the income he received from *all* sources, including his veterans' disability benefits. See Oley, 63 Va. App. at 689-90; see also Niblett, 65 Va. App. at 625 ("The amount of child support under the child support guidelines must be based on the parents' actual gross income." (quoting West v. West, 53 Va. App. 125, 135 (2008))). "The court must consider the basic needs of the child, the parent's ability to pay, and to the extent that the parent is able to provide more than the basic necessities of life, the degree to which the child should reasonably share in his or her parents' prosperity." Niblett, 65 Va. App. at 625 (quoting Conway v. Conway, 10 Va. App. 653, 658 (1990)). Finally, based on the evidence presented, the Virginia statutory guidelines for determining child support, and the relevant case law, we find the circuit court did not err in awarding mother $1,227 per month in child support. "[T]here is a rebuttable presumption that the amount determined in accordance with the statutory guidelines, Code § 20-108.2, is the correct award." Brooks v. Rogers, 18 Va. App. 585, 591 (1994).

*II. Attorney's Fees*

*A.*

Father argues that the circuit court erred in awarding mother $20,331.40, plus interest, for her attorney's fees. Father's opening brief includes a conclusory statement that the circuit court

erred by awarding attorney's fees to mother, but he did not provide any legal authority to support his argument.

Father has the burden of showing that reversible error was committed. See Burke v. Catawba Hosp., 59 Va. App. 828, 838 (2012). Rule 5A:20(e) mandates that an appellant's opening brief include "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error." Father did not comply with Rule 5A:20(e) because his opening brief does not contain any principles of law or citation to legal authorities to fully develop his argument. "[I]t is not the function of this Court to 'search the record for error in order to interpret the appellant's contention and correct deficiencies in a brief.'" West, 59 Va. App. at 235 (quoting Buchanan v. Buchanan, 14 Va. App. 53, 56 (1992)). "Nor is it this Court's 'function to comb through the record . . . to ferret-out for ourselves the validity of [appellant's] claims.'" Burke, 59 Va. App. at 838 (quoting Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7 (1988) (*en banc*)).

We find that father's failure to comply with Rule 5A:20 is significant, so we will not consider his arguments. See Fadness v. Fadness, 52 Va. App. 833, 851 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664 (2008).

*B.*

Mother asks this Court to award her attorney's fees incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695 (1996). "The decision of whether to award attorney's fees and costs incurred on appeal is discretionary." Friedman v. Smith, 68 Va. App. 529, 545 (2018). We conclude that an award of appellate attorney's fees is not warranted under the present circumstances, since "neither party generated unnecessary delay or expense in pursuit of its

interests." <u>Porter v. Porter</u>, 69 Va. App. 167, 176 (2018) (quoting <u>Estate of Hackler v. Hackler</u>, 44 Va. App. 51, 75 (2004)); <u>see also</u> Rule 5A:30(b).

CONCLUSION

For the foregoing reasons, the circuit court's ruling is affirmed.

<u>Affirmed.</u>